KC **F I L E D**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JAN 1 8 2008
Jan 18 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| LARRY JONES, JR., and DAMION JONES by his Mother and next friend, Veronica Jones, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| CITY OF CHICAGO, a municipal corporation, OFFICER JAMES SMITH, STAR # 20664, OFFICER DARLENE WUJCIK, STAR # 1661, DETECTIVE JOHN L. FOLINO, JR., STAR # 20143, OFFICER MARTIN PHILBIN, STAR # 4211, OFFICER CARL HATTULA, STAR # 20516, OFFICER T.K. FOLINO, STAR # 8669, OFFICER J.L. FLORES, STAR # 8080, OFFICER F.M. FAGIANO, STAR # 45, DETECTIVE TIMOTHY B. MCDERMOTT, STAR # 21084, OFFICER J.E. ALVARADO, STAR # 12730, OFFICER S.B. FORDE, STAR # 20203, OFFICER S.M. FERGUS, STAR # 20809, OFFICER V.H. KUBICA, STAR # 21066, OFFICER S.P. DORSEY, STAR # 6126, OFFICER VAIL, OFFICER SMITH, and Unknown Chicago Police Officers, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

08CV413
JUDGE LINDBERG
MAGISTRATE JUDGE ASHMAN

**NOTICE OF REMOVAL**

Defendant City of Chicago ("City"), by its attorney Mara S. Georges, Corporation

Counsel of the City of Chicago, respectfully removes the above-entitled action to this Court,

pursuant to 28 U.S.C. §1441(b) and (c), on the following grounds:

1. Plaintiffs filed this action on or about December 5, 2007, in the Circuit Court of Cook

County, Illinois, as *LARRY JONES, JR., and DAMION JONES by his Mother and next friend,*

Veronica Jones, *v. CITY OF CHICAGO, a municipal corporation, OFFICER JAMES SMITH, STAR # 20664, OFFICER DARLENE WUJCIK, STAR # 1661, DETECTIVE JOHN L. FOLINO, JR., STAR # 20143, OFFICER MARTIN PHILBIN, STAR # 4211, OFFICER CARL HATTULA, STAR # 20516, OFFICER T.K. FOLINO, STAR # 8669, OFFICER J.L. FLORES, STAR # 8080, OFFICER F.M. FAGIANO, STAR # 45, DETECTIVE TIMOTHY B. MCDERMOTT, STAR # 21084, OFFICER J.E. ALVARADO, STAR # 12730, OFFICER S.B. FORDE, STAR # 20203, OFFICER S.M. FERGUS, STAR # 20809, OFFICER V.H. KUBICA, STAR # 21066, OFFICER S.P. DORSEY, STAR # 6126, OFFICER VAIL, OFFICER SMITH, and Unknown Chicago Police Officers*, case number 07 L 013594. <u>See</u> summons and complaint attached hereto as Exhibit A.

2. As of the date of this filing, on information and belief, the City has been the only Defendant served with a copy of the summons and complaint; thus, the City has not been able to obtain the other named Defendants' consent to the removal of this action to federal court.

3. It appears from the face of the complaint that this is a civil rights action that arises under the United States Constitution and involves a federal question. The complaint alleges, among other things, that the defendants violated the Fourth, Fifth, Sixth and Fourteenth Amendment rights of the plaintiffs as pursuant to 42 U.S.C. §1983 (see Counts I, II , III, IV & V of Plaintiffs' complaint). The Defendants are therefore entitled to remove this action to this Court, pursuant to 28 U.S.C. §1441(b) and (c).

WHEREFORE, defendant City of Chicago respectfully requests that the above-entitled action, which is now pending in the Circuit Court of Cook County in the State of Illinois, Case Number 07 L 013594, be removed to the United States District Court for the Northern District of Illinois.

MARA S. GEORGES
Corporation Counsel
CITY OF CHICAGO

By:

DAVID J. SEERY
Chief Assistant Corporation Counsel

30 North LaSalle St., Ste. 1020
Chicago, IL 60602
(312) 744-9210

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LARRY JONES, JR., and DAMION JONES | ) | |
| by his Mother and next friend, | ) | |
| Veronica Jones, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| CITY OF CHICAGO, a municipal corporation, | ) | |
| OFFICER JAMES SMITH, STAR # 20664, | ) | |
| OFFICER DARLENE WUJCIK, STAR # 1661, | ) | |
| DETECTIVE JOHN L. FOLINO, JR., | ) | |
| STAR # 20143, OFFICER MARTIN PHILBIN, | ) | |
| STAR # 4211, OFFICER CARL HATTULA, | ) | |
| STAR # 20516, OFFICER T.K. FOLINO, | ) | |
| STAR # 8669, OFFICER J.L. FLORES, | ) | |
| STAR # 8080, OFFICER F.M. FAGIANO, | ) | |
| STAR # 45, DETECTIVE TIMOTHY B. | ) | |
| MCDERMOTT, STAR # 21084, | ) | |
| OFFICER J.E. ALVARADO, STAR # 12730, | ) | |
| OFFICER S.B. FORDE, STAR # 20203, | ) | |
| OFFICER S.M. FERGUS, STAR # 20809, | ) | |
| OFFICER V.H. KUBICA, STAR # 21066, | ) | |
| OFFICER S.P. DORSEY, STAR # 6126, | ) | |
| OFFICER VAIL, OFFICER SMITH, and | ) | |
| Unknown Chicago Police Officers, | ) | |

Defendants.

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

To:     John W. Gerstner
        Gerstner & Gerstner
        53 W. Jackson Blvd., Suite 1538
        Chicago, Illinois 60604

        **PLEASE TAKE NOTICE** that I have filed this day with the Clerk of the above Court a **NOTICE OF REMOVAL**, a copy of which is attached hereto and herewith served upon you.

        I hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF FILING** and **NOTICE OF REMOVAL** to be sent via U.S. mail to the person in the foregoing Notice at the address therein shown on this 18th day of January 2008.

**DATED** at Chicago, Illinois this 18th day of January 2008.

Respectfully submitted,
MARA S. GEORGES
Corporation Counsel
CITY OF CHICAGO

BY: _____
DAVID J. SEERY
Chief Assistant Corporation Counsel

30 North LaSalle Street, Ste. 1020
Chicago, IL 60602
(312) 744-9210

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| LARRY JONES, JR., and DAMION JONES<br>by his Mother and next friend,<br>Veronica Jones, | ) ) ) ) | |
|      Plaintiffs, | ) ) | |
| v. | ) ) | No. 07 L 013594 |
| CITY OF CHICAGO, a municipal corporation,<br>OFFICER JAMES SMITH, STAR # 20664,<br>OFFICER DARLENE WUJCIK, STAR # 1661,<br>DETECTIVE JOHN L. FOLINO, JR.,<br>STAR # 20143, OFFICER MARTIN PHILBIN,<br>STAR # 4211, OFFICER CARL HATTULA,<br>STAR # 20516, OFFICER T.K. FOLINO,<br>STAR # 8669, OFFICER J.L. FLORES,<br>STAR # 8080, OFFICER F.M. FAGIANO,<br>STAR # 45, DETECTIVE TIMOTHY B.<br>MCDERMOTT, STAR # 21084,<br>OFFICER J.E. ALVARADO, STAR # 12730,<br>OFFICER S.B. FORDE, STAR # 20203,<br>OFFICER S.M. FERGUS, STAR # 20809,<br>OFFICER V.H. KUBICA, STAR # 21066,<br>OFFICER S.P. DORSEY, STAR # 6126,<br>OFFICER VAIL, OFFICER SMITH, and<br>Unknown Chicago Police Officers, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

              Defendants.

## NOTICE OF REMOVED CASE

     **PLEASE TAKE NOTICE** that this action was removed to the United States District Court for the Northern District of Illinois on January 18, 2008.

     DATED at Chicago, Illinois, this 18th day of January 2008.

MARA S. GEORGES
Corporation Counsel
CITY OF CHICAGO

By: _____

DAVID J. SEERY
Chief Assistant Corporation Counsel

30 North LaSalle Street, Ste. 1020
Chicago, Illinois 60602
312-744-9210
Attorney No. 90909

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| **SUMMONS** | **ALIAS - SUMMONS** | **CCG N001-10M-1-07-05 (                    )** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT,  LAW  DIVISION

Larry Jones, Jr., and Damion Jones by his Mother
and next friend, Veronia Jones,

     vs.

City of Chicago, a municipal corporation, Officer
James Smith, Star #20664, Officer Darlene Wujcik, Star
#1661, Detective John L. Folino, Jr., Star #20143,
Officer Martin Philbin, Star #4211, Officer Karl
Rattula, Star #20516, Officer T.K. Folino, Star #8669,
Officer J.L. Flores, Star #8080, Officer F.M. Fagiano,
Star #45, Detective Timothy B. McDermott, Star #21084,
Officer J.E. Alvarado, Star #12730, Officer S.B.
Forde, Star #20203, Officer S.M. Fergus, Star #20809,
Officer V.H. Kubica, Star #21066, Officer
S.P. Dorsey, Star #6126, Officer Vail,          **SUMMONS**
Officer Smith, and Unknown Chicago Police
   To each Defendant:    Officers.

No. _____
2007L013594
CALENDAR/ROOM F
TIME 00:00
Tort - Intentional

    **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑  Richard J. Daley Center, 50 W. Washington, Room  801 , Chicago, Illinois 60602

❑ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

❑ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

❑ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

❑ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

❑ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

❑ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

    This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

**DEC 5  2007**

| | |
|---|---|
| Atty. No.: 25840 | WITNESS, _____ |
| Name: John W. Gerstner, Gerstner & Gerstner | |
| Atty. for: Plaintiffs | **DOROTHY BROWN** |
| Address: 53 W. Jackson Blvd., Suite 1538 | **CLERK OF CIRCUIT COURT** |
| | Clerk of Court |
| City/State/Zip: Chicago, IL 60604-3780 | |
| Telephone: (312) 435-0040 | Date of service: _____ |
| | (To be inserted by officer on copy left with defendant or other person) |
| Service by Facsimile Transmission will be accepted at: _____ | |
| | (Area Code)  (Facsimile Telephone Number) |

**SEAL**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**SHERIFF PLEASE SERVE:**

City of Chicago
c/o City Clerk
121 N. LaSalle St., Room 107
Chicago, IL 60602

Officer James Smith, Star #20664
Chicago Police HQ
3510 S. Michigan Ave., 5th Floor
Chicago, IL 60653

Detective Timothy B. McDermott, Star #21084
Chicago Police HQ
3510 S. Michigan Ave., 5th Floor
Chicago, IL 60653

Office Darlene Wujcik, Star #1661
Chicago Police HQ
3510 S. Michigan Ave., 5th Floor
Chicago, IL 60653

Officer J.E. Alvarado, Star #12730
Chicagoo Police HQ
3510 S. Michigan Ave., 5th Floor
Chicago, IL 60653

Detective John L. Folino, Jr., Star #20143
Chicago Police HQ
3510 S. Michigan Ave., 5th Floor
Chicago, IL 60653

Officer S.B. Forde, Star #20203
Chicago Police HQ
3510 S. Michigan Ave., 5th Floor
Chicago, IL 60653

Officer Martin Philbin, Star #4211
Chicago Police HQ
3510 S. Michigan Ave., 5th Floor
Chicago, IL 60653

Officer S.M. Fergus, Star #20809
Chicago Police HQ
3510 S. Michigan Ave., 5th Floor
Chicago, IL 60653

Officer Carl Hattula, Star #20516
Chicago Police HQ
3510 S. Michigan Ave., 5th Floor
Chicago, IL 60653

Officer V.H. Kubica, Star #21066
Chicago Police HQ
3510 S. Michigan Ave., 5th Floor
Chicago, IL 60653

Officer T.K. Folino, Star #8669
Chicago Police HQ
3510 S. Michigan Ave., 5th Floor
Chicago, IL 60653

Officer S.P. Dorsey, Star #6126
Chicago Police HQ
3510 S. Michigan Ave., 5th Floor
Chicago, IL 60653

Officer J.L. Flores, Star #8080
Chicago Police HQ
3510 S. Michigan Ave., 5th Floor
Chicago, IL 60653

Officer Vail
Chicago Police HQ
3510 S. Michigan Ave., 5th Floor
Chicago, IL 60653

Officer F.M. Fagiano, Star #45
Chicago Police HQ
3510 S. Michigan Ave., 5th Floor
Chicago, IL 60653

Officer Smith
Chicago Police HQ
3510 S. Michigan Ave., 5th Floor
Chicago, IL 60653

25840

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

LARRY JONES, JR., and DAMION JONES )
by his Mother and next friend, )
Veronica Jones, )
        Plaintiffs, )
  )
  )
  vs. )  No.    2007L013594
  )       CALENDAR/ROOM F
  )       TIME 00:00
CITY OF CHICAGO, a municipal corporation, )  PLAINTIFFS DEMAND A JURY TRIAL
OFFICER JAMES SMITH, STAR #20664, )
OFFICER DARLENE WUJCIK, STAR #1661, )
DETECTIVE JOHN L. FOLINO, JR., STAR )
#20143; OFFICER MARTIN PHILBIN, )
STAR #4211, OFFICER CARL HATTULA, )
STAR #20516, OFFICER T.K. FOLINO, )
STAR #8669, OFFICER J.L. FLORES, )
STAR #8080, OFFICER F.M. FAGIANO, )
STAR #45, DETECTIVE TIMOTHY B. )
MCDERMOTT, STAR #21084, )
OFFICER J.E. ALVARADO, STAR #12730, )
OFFICER S.B. FORDE, STAR #20203, )
OFFICER S.M. FERGUS, STAR #20809, )
OFFICER V.H. KUBICA, STAR #21066, )
OFFICER S.P. DORSEY, STAR #6126, )
OFFICER VAIL, OFFICER SMITH, )
and Unknown Chicago Police Officers, )
        Defendants. )

## COMPLAINT

Plaintiffs, Larry Jones, Jr. ("Jones"), and Damion Jones ("Damion") by his Mother and next

friend, Veronica Jones ("Veronica"), by their attorneys, John W. Gerstner of the Law Offices of

Gerstner & Gerstner and Robert W. Smith of the The Law Office of Robert W. Smith, allege as

follows for their Complaint against Defendants, City of Chicago, a municipal corporation ("City"),

James Smith, Darlene Wujcik, John L. Folino, Jr., Martin Philbin, Carl Hattula, T.K. Folino, J.L.

Flores, F.M. Fagiano, Timothy B. McDermott, J.E. Alvarado, S.B. Forde, S.M. Fergus, V.H. Kubica,

S.P. Dorsey, Officer Vail, and Officer Smith, and Unknown Chicago Police Officers.

## Allegations Common to All Counts

1.      Jones was born on July 19, 1986, and he is a resident of the City of Chicago, County of Cook, State of Illinois, and a black United States citizen. Damion, a Minor, was born on March 25, 1992, and brings this action by his Mother and next friend, Veronica, and they are residents of the City of Chicago, County of Cook, State of Illinois, and they are black United States citizens. Veronica is Jones' sister and Damion is Jones' nephew.

2.      City is a municipal corporation, and through its Chicago Police Department, is the employer and principal of all other Defendants. At all times relevant hereto, all Defendants were acting under color of the statutes, ordinances, regulations, customs and usages of the State of Illinois and the City of Chicago, and within the scope of their employment with said institutions. City employed the following Defendants as police officers in its Chicago Police Department at all times relevant to the matters alleged herein: Officer James Smith, Star #20664, Officer Darlene Wujcik, Star #1661, Detective John L. Folino, Jr., Star #20143; Officer Martin Philbin, Star #4211; Officer Carl Hattula, Star #20516, Officer T.K. Folino, Star #8669; Officer J.L. Flores, Star #8080, Officer F.M. Fagiano, Star #45, Detective Timothy B. McDermott, Star #21084, Officer J.E. Alvarado, Star #12730, Officer S.B. Forde, Star #20203, Officer S.M. Fergus, Star #20809, Officer V.H. Kubica, Star #21066, Officer S.P. Dorsey, Star #6126, Officers Vail and Smith (whose first names and initials are not now known), and Unknown Chicago Police Officers (collectively, the "Officer Defendants"). The Officer Defendants were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities. With respect to the

2

alleged murder by gun shot wound of Dorsay Davis on December 5, 2006, and the subsequent arrest, interrogation, imprisonment, and coercion of a false confession from Jones, Officer James Smith was a Reporting Officer, Officer Darlene Wujcik was an Approving Supervisor, Detective John L. Folino, Jr. was the primary Detective assigned and Assisting Arresting Officer, Officer Martin Philbin was the Reporting Officer assigned, Officer Carl Hattula was a Reporting Officer and Approving Supervisor, Officer T.K. Folino was the Attesting Officer and the 1st Arresting Officer, Officer J.L. Flores was the 2nd Arresting Officer, Officer F.M. Fagiano was the Approving Supervisor with respect to the Approval of Probable Cause, and the Final Approval Of Charges, Detective Timothy B. McDermott was Detective and Assisting Arresting Officer and gave testimony before the December, 2005 Grand Jury of the Circuit Court of Cook County in connection with the indictment of Jones and Andre Wilson, Defendants Officer Vail and Officer Smith were Police Officers who participated in the misconduct alleged below, and Officers J.E. Alvarado, S.B. Forde, S.M. Fergus, V.H. Kubica, and S.P. Dorsey, were Assisting Arresting Officers. At all times pertinent herein, Unknown Defendant Chicago Police Officers employed by the City as police officers also participated in the unlawful conduct complained of herein. Defendant Detectives John L. Folino, Jr. and Defendant Vail and, on information and belief, other Officer Defendants also participated in the unlawful arrest, detention and interrogation of Damion.

3. On information and belief, Dorsay Davis was killed and Tyisha Hillard was wounded in a robbery related incident on the sidewalk in the 300 block of North Pine Avenue, Chicago, Illinois on December 5, 2006. Jones and Andre Wilson were in retail establishments at or about the time of these alleged crimes and certain security video tapes evidenced their non-involvement in these alleged crimes.

3

4.     On December 6, 2006, at approximately 6:00 A.M., Jones was wrongfully, wilfully, and wantonly arrested without probable cause. Between 5:15 A.M. and 6:00 A.M., three Chicago police officers arrived at 1244 N. Mason, Chicago, Illinois 60651, the residence where Jones resides with his family, and questioned Jones, along with several other persons, concerning Jones' whereabouts on the night of December 5, 2006. At or about 6:00 A.M., said police officers handcuffed Jones, stating that "You're not under arrest but this is our procedure", took Jones into custody involuntarily over the objections of Jones and Jones' Mother, Lois Jones, and transported Jones to the Area 5 Chicago police station at Grand and Central, Chicago, Illinois, where Jones was placed in an interrogation/investigation room and held for more than 48 hours.

5.     Following the questioning of Jones and others at said residence the Chicago police officers had no probable cause to believe that Jones had committed a criminal act and no arrest warrant had been issued for Jones.

6.     During the time when Jones was kept in the interrogation/investigation room, Jones was interrogated by certain of the Officer Defendants, including on information and belief, Defendant Smith, Defendant Detective John L. Folino, Jr., and Chicago police officers whose names are not known but known by Jones as "the Lieutenant" and the "Sergeant", and other Chicago police officers whose names are unknown.

7.     On December 6, 2006, at approximately 9:50 A.M. Defendant Detective John L. Folino, Jr. and his Chicago police officer partner arrived at 1244 N. Mason, Chicago, Illinois 60651 again, and questioned Damion about Damion's activities on December 5, 2006.

8.     During the course of the interrogation of Jones, Jones was denied rights afforded to him by the statutes of the State of Illinois, the United States of America, and the Constitutions of the

4

State of Illinois and the United States of America. Ensuing events constituting a denial of Jones' rights included, but were not limited to, the following: During the course of the interrogation the police officer known by Jones as "the Lieutenant" handcuffed Jones to the wall of the interrogation/investigation room, slapped Jones twice on the left side of his face, took a lighted cigarette and motioned as if he was going to burn Jones unless Jones would tell him what he wants to hear and confess to the murder of Dorsay Davis by Andre Wilson and Jones. Defendant Smith, Defendant Detective John L. Folino, Jr., "the Lieutenant", the "Sergeant", and other Officer Defendants concocted a false confession for Jones to repeat concerning the commission of the alleged crimes by Andre Wilson and Jones, threatened Jones in their efforts to coerce Jones to falsely confess to the commission of the alleged crimes by Andre Wilson and Jones, and ignored Jones' constant denials of participation in the alleged crimes, telling Jones in a threatening way: "You know what the fuck is going on". Said Officer Defendants denied Jones' repeated requests for access to the telephone to telephone an attorney, and failed to give Jones a *Miranda* warning. Jones was isolated in a tiny interrogation/investigation room furnished with only a narrow metal bench, where he was subjected to a prolonged period of interrogation. Jones was deprived of adequate food, fluids, sleep, and access to bathroom facilities, and at a certain point was only allowed to urinate in a bottle, during the period of interrogation.

9. Finally, Jones, in great pain, in order to avoid further physical, mental, and psychological abuse, and fearing that he would be hit again and further injured or permanently maimed, was coerced into making a false and involuntary confession fabricated by the Officer Defendants when in fact Andre Wilson and Jones had nothing to do whatsoever with the alleged crimes.

5

10.     Defendant Smith, Defendant Detective John L. Folino, Jr., "the Lieutenant", the "Sergeant", and other Officer Defendants concocted a false confession, and coerced Jones to make said false confession which fabricated his involvement and the involvement of Andre Wilson in the alleged crimes in an improperly conducted and unlawful videotape. Said Defendant Smith, Defendant Detective John L. Folino, Jr., "The Lieutenant", the "Sergeant" and other Officer Defendants knew that said false confession had been concocted and coerced, that the confession was not voluntary, and was being given under duress and under threat of physical injury and after denial of due process rights of Jones and failure to apprise Jones of his rights under *Miranda*. After obtaining said false confession, in an attempt to buttress said false confession with other fabricated evidence, Jones was required to appear in a suggestive and improper line-up, wherein, on information and belief, Jones either was not positively identified, or was identified solely as a result of the persuasion of said Officer Defendants, tainting any witness by utilizing the false confession which they fabricated and coerced from Jones.

11.     On the morning of December 7, 2006, Defendant Detective John L. Folino, Jr. arrived at 1244 N. Mason, Chicago, Illinois 60651 again, questioned Lois Jones, and demanded to see Veronica's car, followed Lois Jones in her car when she was taking her grandchildren to school, and telephoned Veronica repeatedly, attempting to implicate Veronica's car in the alleged crimes by telling her that Jones said he takes her car keys off of her dresser at night, which Veronica denied. Defendant Detective John L. Folino, Jr. asked Veronica to bring Damion into the police station after school (which request was a pretense to find out when and where Damion would get out of school). At approximately 4:15 P.M. on December 7, 2006, Defendant Detective John L. Folino, Jr. wrongfully, wilfully, and wantonly arrested Damion without probable cause by taking Damion into

6

custody involuntarily on Damion's way home from Austin High School, and transporting Damion to the Area 5 Chicago police station at Grand and Central, Chicago, Illinois, where Damion was interrogated for approximately 7 hours against his will without proper notice to his mother Veronica.

12.     Defendant Detective John L. Folino, Jr. had no probable cause to believe that Damion had committed a criminal act and no arrest warrant had been issued for Damion.

13.     During the course of the interrogation of Damion, Damion was denied rights afforded to him by the statutes of the State of Illinois, the United States Of America, and the Constitutions of the State of Illinois and the United States of America. Ensuing events constituting a denial of Damion's rights included, but were not limited to, the following: Defendant Detective John L. Folino, Jr. and other Chicago police officers failed to give a *Miranda* warning to Damion. Although Damion constantly denied participation in the crime, Damion, a 14 year old Minor, was subjected to a prolonged period of interrogation for approximately 7 hours. Defendant Officer John L. Folino, Jr. and other Officer Defendants verbally and psychologically abused Damion in an effort to implicate Damion and/or Jones in the alleged crime purportedly involving Jones and Andre Wilson, without having reasonable grounds to believe either Jones or Damion had committed any crimes, and threatened Damion by telling him that he was only a 14 year old kid and if he did not cooperate he was going to spend the rest of his life in jail. Damion refused to falsely confess to any involvement in the alleged crimes. Defendant Detective John L. Folino, Jr., Defendant Vail, and other police officers threatened to retaliate by telling Damion: "We are going to meet you (or see you) out on the streets". Damion was only released sometime after his attorney arrived and demanded his release.

14.     On the night of December 7, 2006, an attorney representing Jones and Damion arrived at Area 5 Chicago police station, Grand and Central, Chicago, Illinois, and demanded to see Jones

7

and Damion. Four police officers, including a Sergeant, denied him access to his clients. Defendant Vail told the attorney that he could not represent both Jones and Damion. Defendant Detective John L. Folino, Jr. told the attorney that Jones did not want an attorney. These representations were knowingly false, and when the attorney persisted in his demands to see Jones and Damion, Damion was released after some delay, but the Officer Defendants continued to fail and refuse to permit said attorney to see or communicate with Jones.

15.    On information and belief, sometime on December 8, 2006, Jones was given a *Miranda* warning for the first time since his warrantless arrest without probable cause at approximately 6:00 A.M. on December 6, 2006. On December 8, 2006, Jones was charged with the offenses of Murder-First Degree, Class M-Type F, under 720 ILCS 5.0/9-1-A-1; Robbery-Armed W/Firearm, Class X-Type F, under 720 ILCS 5.0/18-2-A-2; and Robbery-Armed W/Firearm, Class X-Type F, under 720 ILCS 5.0/18-2-A-2 and taken to Cook County jail. On information and belief, between December 6 and December 8, 2006, the following Defendants also participated in unlawful conduct as follows: In the arrest of Jones, Defendant Officer T.K. Folino wrongfully, willfully, and wantonly participated as the "1st arresting Officer" and "Attesting Officer", Defendant Officer J.L. Flores wrongfully, willfully, and wantonly participated as the "2nd Arresting Officer", and Defendant Officer F.M. Fagiano wrongfully, willfully, and wantonly participated as the "Approving Supervisor with respect to the Approval of Probable Cause" and "Final Approval of Charges" in the knowingly false and untrue substantiation of probable cause and the baseless charges made against Jones by the Officer Defendants. Jones' initial court date was more than 48 hours after his warrantless arrest at approximately 6:00 A.M on the morning of December 6, 2006. The arrest of Jones and the charges made against him were without probable cause and the Officer Defendants knowingly, wrongfully,

8

willfully, wantonly and maliciously participated in the false arrest and interrogation of Jones and Damion, and in the false imprisonment and coercion of a false confession from Jones and falsely filed charges against Jones.

16. On or about December 28, 2006 The December, 2006 Grand Jury of the Circuit Court of Cook County, by reason of the testimony of Defendant Detective Timothy B. McDermott, given knowingly, wrongfully, willfully, wantonly, and maliciously against Jones, returned a 22 count indictment in *The People of the State of Illinois v. Andre Wilson Larry Jones, General No. 06 CR-28446*, in connection with the alleged murder of Dorsay Davis and shooting of Tyisha Hillard and related armed robbery which included the following counts against both Andre Wilson and Jones: Six (6) Counts of First Degree Murder with respect to Dorsay Davis, One Count of Attempt First Degree Murder with respect to Tyisha Hillard, One (1) Count of Aggravated Battery with respect to Tyisha Hillard, Two (2) Counts of Armed Robbery with respect to Tyisha Hillard, One (1) Count of Attempt Armed Robbery with respect to Dorsay Davis, and One (1) Count of Aggravated Discharge of a Firearm with respect to Tyisha Hillard.

17. On January 18, 2007 on Motion of the Cook County State's Attorney, the Honorable Judge Stanley J. Sacks entered an Order of Nolle Prosequi with regard to all charges against Jones thereby terminating the criminal action favorably to Jones in Case No. 06 CR 28446, and Jones was discharged and released as to said Case. The Cook County States Attorney abandoned the prosecution of Jones and Andre Wilson for reasons indicative of their innocence, including but not limited to, the existence of security videotapes which established their non-involvement in the crimes.

18. Each of the Officer Defendants participated in the unlawful arrest and interrogation, and coercion of an involuntary false confession from Jones, and incarceration of Jones and in the

9

unlawful arrest and interrogation of Damion without probable cause or any other justification. From the time Jones and Damion were arrested, during the entire times when Jones and Damion were interrogated and/or incarcerated, Jones and Damion were required to stay, and were not free to leave.

19.     Jones and Damion each has a right to be free from illegal searches and seizure of his person and a right to be free from unlawful arrest, detention and imprisonment, the use of excessive force, and from coercion of a false and involuntary confession. The actions of the Officer Defendants, described above were all performed with malice and premeditation under color of state law with willful and wanton disregard of Plaintiffs' rights under the statutes of the State of Illinois, the United States of America, and the Constitutions of the State of Illinois and the United States of America.

20.     The misconduct described above was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

21.     The misconduct described above was undertaken pursuant to the policy and practice and custom of City's Chicago Police Department in that:

(a)     As a matter of both policy and practice and custom, the City's Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

(b)     As a matter of both policy and practice, the City's Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiffs; specifically, Chicago Police Officers accused of misconduct can be confident that such

misconduct will not be adequately investigated in earnest nor adequately disciplined even where the Police Officer has engaged in unconstitutional and criminal misconduct;

(c)     Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiffs.

(d)     Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this Case; and,

(e)     City has failed to act to remedy the patterns of abuse described herein, despite actual knowledge of the same, thereby causing the types of injuries alleged herein.

The policies and practices and customs herein complained of are so prevalent and widespread as to put City's policy-makers on actual and implied notice that such policies and practices and customs existed in full force and effect, and said policy-makers have acted willfully, wantonly and deliberately indifferent towards Plaintiffs' constitutional rights by accepting, maintaining and protecting said policies and practices and customs.

22.     By letter dated April 30, 2007, the attorneys for City and the attorneys for Superintendent, Chicago Police Department, were advised of the claims herein and of Plaintiffs' attorneys' representation of Jones and Damion. By letter dated July 5, 2007, Police Agent Don P. Lewis #10338 acknowledged that a complaint registered under "C.L. No. 1005762 Ref: Jones, Damion" was under investigation by the Chicago Police Department, and subsequently requested interviews with Jones and Damion which interviews were declined by Plaintiffs' attorneys.

23.     Thereafter, in further willful and wanton violation of Jones' rights, Chicago Police

11

officers (whose identities are currently unknown) committed the following unlawful acts with malice and premeditation without probable cause under color of state law:

(a)      On or about October 29, 2007, Jones was detained and searched by two (2) Chicago Police Department detectives on the 1300 block of North Mason, Chicago, Illinois, who asked Jones "what happened to the murder case", and then said "he's clean", and then released Jones; and,

(b)      On November 1, 2007, at approximately 12:00 Noon in front of Andre Wilson's residence at 1217 N. Mason, Chicago, Illinois, Jones was arrested and handcuffed by Chicago Police Department detectives who failed to give Jones a *Miranda* warning, held him for approximately 6 ½ hours at the Area 5 Chicago Police Station at Grand and Central, Chicago, Illinois, and then released him on his individual bond after he was charged with interfering with Chicago Police Officers, which offense Jones did not commit.

24.      Such acts of misconduct were attempts of retaliation by members of the Chicago Police Department for Jones' retaining counsel to represent him and the advice of claims described above, which retaliation was undertaken pursuant to the policy and practice and custom condoned by the City's Chicago Police Department in that it allows such unreasonable conduct undertaken intentionally and willful indifference to citizens' rights to occur without consequence as a further result of failing to adequately train, and supervise its officers, which further manifests deliberate indifference, and this policy and practice and custom is also so prevalent and widespread as to put City's policy-makers on actual and implied notice that such policy and practice and custom existed in full force and effect and such policy-makers have acted willfully, wantonly and deliberately indifferent thereto by accepting, maintaining and protecting such policy and practice and custom.

25.      As a direct and proximate result of the facts and allegations set forth above, Jones was

12

injured and suffered, and will in the future suffer, injuries of a personal and pecuniary nature including but not limited to damage to his credit and reputation and employment opportunities, he had to bear the loss of his freedom and the indignities of imprisonment, suffered financial damage and severe emotional distress, and he was otherwise damaged and caused to suffer from the facts and allegations set forth above.

26.     As a direct and proximate result of the facts and allegations set forth above, Damion was injured and suffered, and will in the future suffer, injuries of a personal and pecuniary nature including but not limited to damage to his credit and reputation and educational and employment opportunities, he had to bear the loss of his freedom and indignities of arrest, suffered financial damage and severe emotional distress, and he was otherwise damaged and caused to suffer from the facts and allegations set forth above.

### Count I - Jones

### 42 U.S.C. Section 1983-False Arrest and False Imprisonment

1-26.   Jones realleges paragraphs 1. through 26. inclusive of Allegations Common to All Counts as paragraphs 1. through 26. inclusive of Count I.

27.     As alleged in the preceding paragraphs, Jones was improperly seized, arrested and imprisoned without probable cause or any other justification in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States by the conduct of the Officer Defendants alleged above.

28.     The misconduct alleged in this Count was undertaken pursuant to the policies and practices and customs of the Chicago Police Department described in preceding paragraphs.

29.     As a direct and proximate result of the above described wrongful conduct as well as

13

the City's policies and practices and customs, Jones was caused to suffer great pain, both physical and mental, great monetary loss, deprivation of liberty, loss of ability to work and fully function as a member of his family and community.

WHEREFORE, pursuant to 42 U.S.C. Sections 1983 and 1988, Jones prays that this Court enter judgment in his favor against Defendants, jointly and severally, for compensatory damages, costs, and attorneys' fees along with punitive damages against each of the Defendant Officers in their individual capacities, and grant him such other and further relief as the Court deems just and appropriate.

### Count II - Damion

#### 42 U.S.C. Section 1983-False Arrest and False Imprisonment

1-26.    Damion realleges paragraphs 1. through 26. inclusive of Allegations Common to All Counts as paragraphs 1. through 26. inclusive of Count I.

27.    As alleged in the preceding paragraphs, Damion was improperly seized, arrested and imprisoned without probable cause or any other justification in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States by the conduct of the Officer Defendants alleged above.

28.    The misconduct alleged in this Court was undertaken pursuant to the policies and practices and customs of the Chicago Police Department described in preceding paragraphs.

29.    As a direct and proximate result of the above described wrongful conduct as well as the City's policies and practices and customs, Damion was caused to suffer great pain, both physical and mental, great monetary loss, deprivation of liberty, loss of ability to work and fully function as a member of his family and community.

14

WHEREFORE, pursuant to 42 U.S.C. Sections 1983 and 1988, Damion prays that this Court enter judgment in his favor against Defendants, jointly and severally, for compensatory damages, costs, and attorneys' fees along with punitive damages against each of the Defendant Officers in their individual capacities, and grant him such other and further relief as the Court deems just and appropriate.

## Count III - Jones

### 42 U.S.C. Section 1983-Excessive Force/Due Process

### Equal Protection/Right to Counsel Violations

1.-26.    Jones realleges paragraph 1. through 26. inclusive of Allegations Common to All Counts as paragraphs 1. through 23. inclusive of Count III.

27.    As alleged in the preceding paragraphs, Jones was subjected to excessive force in violation of the United States Constitution by the conduct of the Officer Defendants alleged above., and he was forced to confess by threat of imminent bodily harm, denied his rights of due process and equal protection, and deprived of his right against self incrimination, and denied his right to counsel in violation of the Fifth, Fourteenth and Sixth Amendments to the United States Constitution, and the Constitution and laws of the State of Illinois.

28.    The misconduct alleged in this Count was undertaken pursuant to the policies and practices and customs of the Chicago Police Department described in preceding paragraphs.

29.    As a direct and proximate result of the above described wrongful conduct as well as the City's policies and practices and customs, Jones was caused to suffer great pain, both physical and mental, great monetary loss, deprivation of liberty, loss of ability to work and fully function as a member of his family and community.

15

WHEREFORE, pursuant to 42 U.S.C. Sections 1983 and 1988, Jones prays that this Court enter judgment in his favor against Defendants, jointly and severally, for compensatory damages, costs, and attorneys' fees along with punitive damages against each of the Defendant Officers in their individual capacities, and grant him such other and further relief as the Court deems just and appropriate.

<u>**Count IV - Jones and Damion**</u>

<u>**42 U.S.C. Section 1983 - Failure to Intervene**</u>

1.-26. Jones and Damion reallege paragraphs 1. through 26, inclusive of Allegations Common To All Counts as paragraphs 1. through 26 inclusive of Count IV.

27. The Officer Defendants as well as unknown Chicago Police Officers had a reasonable opportunity to prevent the violation of Jones' and Damion's constitutional rights as set forth above had they been so inclined, but failed to do so.

28. As a result of said failure to intervene, Jones and Damion suffered pain and injury, as well as emotional distress.

29. Said failure to intervene was undertaken intentionally, with malice and reckless indifference to Jones' and Damion's persons and rights.

30. The misconduct described in this Count was undertaken pursuant to the policies and practices of City and its Chicago Police Department in the manner alleged above.

31. The misconduct alleged in this Count was undertaken by the Officer Defendants as well as unknown Chicago Police Officers within the scope of their employment and under color of law such that their employer, City, is liable for their actions.

32. As a direct and proximate result of the above described wrongful conduct as well as

the City's policies and practices and customs, Jones and Damion were caused to suffer great pain, both physical and mental, great monetary loss, deprivation of liberty, loss of ability to work and fully function as a member of their family and their community.

WHEREFORE, pursuant to 42 U.S.C. Sections 1983 and 1988, Jones and Damion pray that this Court enter judgment in their favor against Defendants, jointly and severally, for compensatory damages, costs, and attorneys' fees along with punitive damages against each of the Defendant Officers in their individual capacities, and grant them such other and further relief as the Court deems just and appropriate.

## Count V - Jones and Damion

## 42 U.S.C. Section 1983 - Violations of Due Process

## Equal Protection/Right to Counsel

1.-26.    Jones and Damion reallege paragraphs 1. through 26 inclusive of Allegations Common To All Counts as paragraphs 1. through 26 inclusive of Count V.

27.    As alleged in the preceding paragraphs Jones and Damion were improperly deprived of their rights to due process, equal protection and their rights to counsel in violation of Federal and State law by the conduct of the Officer Defendants alleged above.

28.    The misconduct alleged in this Count, was undertaken pursuant to the policies and practices and customs of the Chicago Police Department described in preceding paragraphs.

29.    As a direct and proximate result of the above described wrongful conduct as well as the City's policies and practices and customs, Jones and Damion were both caused to suffer great pain, both physical and mental, great monetary loss, deprivation of liberty, loss of ability to work and fully function as a member of their family and their community.

17

WHEREFORE, pursuant to 42 U.S.C. Sections 1983 and 1988, Jones and Damion pray that this Court enter judgment in their favor against Defendants, jointly and severally, for compensatory damages, costs, and attorneys' fees along with punitive damages against each of the Defendant Officers in their individual capacities, and grant them such other and further relief as the Court deems just and appropriate.

## Count VI - Jones

### Malicious Prosecution

1.-26.   Jones realleges paragraphs 1. through 26 inclusive of Allegations Common To All Counts as paragraphs 1. through 26. inclusive of Count VI.

27.   As alleged in the preceding paragraphs, the prosecution of Jones in Case No. 06 CR 28446 was malicious and without probable cause, and said Case No. 06 CR 28446 was judicially determined in favor of Jones.

28.   That Jones, by reason of said acts of Defendants, has been and is greatly injured in his credit and reputation, and he further incurred injuries of a personal and pecuniary nature, and he was otherwise damaged.

WHEREFORE, Jones prays that this Court enter judgment in his favor against Defendants jointly and severally, for compensatory damages and costs along with punitive damages against each of the Defendant Officers in their individual capacities, and grant him such other and further relief as the Court deems just and appropriate.

## Count VII - Assault - Jones

1.-26.   Jones realleges paragraphs 1. through 26, inclusive of Allegations Common To All Counts as paragraphs 1. through 26 inclusive of Count VII.

18

27. As described in the preceding paragraphs, the conduct of the Officer Defendants, acting within the scope of their employment as police officers, created a reasonable apprehension of imminent harm, undertaken willfully and wantonly, proximately causing Jones emotional and other injuries.

28. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifferent to Jones' constitutional rights.

29. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to Jones' rights.

30. As a result of the Defendant Officers' conduct, Jones had a reasonable apprehension that his person was in danger.

31. The misconduct described in this Count was undertaken by the Officer Defendants within the scope of their employment such that their employer, City, is liable for their actions.

32. As a direct and proximate result of said misconduct, Jones was damaged, incurred injuries of a personal and pecuniary nature, and he was otherwise damaged.

WHEREFORE, Jones prays that this Court enter judgment in his favor against Defendants jointly and severally, for compensatory damages and costs along with punitive damages against each of the Defendant Officers in their individual capacities, and grant him such other and further relief as the Court deems just and appropriate.

## Count VIII - Battery - Jones

1.-26. Jones realleges paragraphs 1. through 26, inclusive of Allegations Common To All Counts as paragraphs 1. through 26 inclusive of Count VIII.

27. As described in the preceding paragraphs, the conduct of Officer Defendants, acting

19

within the scope of their employment as Chicago police officers, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Jones' injuries.

28.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Jones constitutional rights.

29.     The misconduct described in this Count was undertaken by the Officer Defendants within the scope of their employment such that their employer, City, is liable for their actions.

30.     As a direct and proximate result of said misconduct, Jones was damaged, incurred injuries of a personal and pecuniary nature, and he was otherwise damaged.

WHEREFORE, Jones prays that this Court enter judgment in his favor against Defendants jointly and severally, for compensatory damages and costs along with punitive damages against each of the Defendant Officers in their individual capacities, and grant him such other and further relief as the Court deems just and appropriate.

## Count IX - Jones

### Intentional Infliction of Emotional Distress

1.-26.   Jones realleges paragraphs 1. through 26. inclusive of Allegations Common To All Counts as paragraphs 1. through 26 inclusive of Count IX.

27.     In being arrested and treated in the aforesaid manner by the Officer Defendants, Jones suffered emotional and psychological trauma and injury as he was falsely arrested and falsely imprisoned and compelled to confess to a crime he did not commit and denied his right to counsel in a manner deliberately intended to inflict emotional psychological harm.

28.     The conduct of Defendant Officers towards Jones in this manner was excessive, undertaken without legal provocation, violative of basic and fundamental police procedure, and was

20

taken for purely personal reasons to cause harm to Jones, and was grossly offensive and disproportionate to the situation at hand and shocks the conscience.

29.    At the time of the incident alleged above and prior thereto, the training and supervision of Defendant Officers in the arrest, treatment, and safeguarding of persons was grossly inadequate and non-existent, and the aforementioned acts and/or omissions by Defendant Officers could not have been accomplished without the participation of other employees of the City's Chicago Police Department which are proximate cause of the pain and suffering of Jones and subjected him to the deprivation of his constitutional rights.

30.    The acts and omissions of the Defendant Officers individually and as agents of City, and City constitute extreme and outrageous conduct by Defendants, intended to cause or recklessly disregarding the probability of causing severe and emotional distress to Jones.

WHEREFORE, Jones prays that this Court enter judgment in his favor against Defendants jointly and severally, for compensatory damages and costs along with punitive damages against each of the Defendant Officers in their individual capacities, and grant him such other and further relief as the Court deems just and appropriate.

## Count X - Damion

## Intentional Infliction of Emotional Distress

1.-26.   Damion realleges paragraphs 1. through 26, inclusive of Allegations Common To All Counts as paragraphs 1. through 26 inclusive of Count X.

27.    In being arrested and treated in the aforesaid manner by the Officer Defendants, Damion suffered emotional and psychological trauma and injury as he was falsely arrested and falsely imprisoned and placed in a police vehicle and taken to a police station and denied his right to counsel

21

in a manner deliberately intended to inflict emotional psychological harm.

28.    The conduct of Defendant Officers in arresting the minor Damion in this manner and having him transported to a jail facility was excessive, undertaken without legal provocation, violative of basic and fundamental police procedure, and was taken for purely personal reasons to cause harm to the minor Damion, and was grossly offensive and disproportionate to the situation at hand and shocks the conscience.

29.    At the time of the incident alleged above and prior thereto, the training and supervision of Defendant Officers in the arrest, treatment, and safeguarding minors was grossly inadequate and non-existent, and the aforementioned acts and/or omissions by Defendant could not have been accomplished without the participation of other employees of the City's Chicago Police Department which are proximate cause of the pain and suffering of Damion and subjected him to the deprivation of his constitutional rights.

30.    The acts and omissions of the Defendant Officers individually and as agents of City, and City constitute extreme and outrageous conduct by Defendants, intended to cause or recklessly disregarding the probability of causing severe and emotional distress to a minor of ordinary sensibilities, particularly Damion.

WHEREFORE, Damion prays that this Court enter judgment in his favor against Defendants jointly and severally, for compensatory damages and costs along with punitive damages against each of the Defendant Officers in their individual capacities, and grant him such other and further relief as the Court deems just and appropriate.

## <u>Count XI - *Respondeat Superior*</u>

### (City of Chicago)

1.-26.    Jones and Damion reallege paragraphs 1. through 26. inclusive of Allegations Common To All Counts as paragraphs 1. through 26. inclusive of Count XI.

27.    In committing the acts alleged in the preceding paragraphs and Counts, the Officer Defendants were members of, and agents of, the Chicago Police Department, acting at all relevant times within the scope of their employment.

28.    City is liable as principal for all torts committed by its agents.

WHEREFORE, Jones and Damion pray that the Court enter judgment in their favor and against Defendant City, in an amount equal to any award against the Officer Defendants, or such other amount as allowed by law, award them their costs, and grant them such other and further relief as the Court deems just and appropriate.

## <u>Count XII - Indemnification</u>

### (City of Chicago)

1.-26.    Jones and Damion reallege paragraphs 1. through 26. inclusive of Allegations Common To All Counts as paragraphs 1. - 26. inclusive of Count XII.

27.    Illinois Law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

28.    The Officer Defendants are or were employees of the City's Chicago Police Department, who acted within the scope of their employment in committing the misconduct alleged in the preceding paragraphs and Counts.

23

WHEREFORE, Jones and Damion pray that the Court enter judgment in their favor and against Defendant City in an amount equal to any award against the Officer Defendants, or such other amount as allowed by law, award them their costs, and grant them such other and further relief as the Court deems just and appropriate.

John W. Gerstner, Attorney No. 25840
Gerstner & Gerstner
Attorneys for Plaintiffs
53 W. Jackson Blvd., Suite 1538
Chicago, IL 60604-3780
312/435-0040

Robert W. Smith, Attorney No. 25125
The Law Office of Robert W. Smith
Attorney for Plaintiffs
320 S. Westmore
Lombard, IL 60148
630/916-4932

## Illinois Supreme Court Rule 222(b) Affidavit

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned, as counsel for Plaintiffs, certify that the total of money damages sought in this litigation exceeds $50,000.00.

John W. Gerstner