**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LARRY JONES, JR., and DAMION JONES, | ) | |
| by his Mother and next friend, Veronica Jones, | ) | |
| | ) | **No.    08 C 0413** |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | JUDGE LINDBERG |
| | ) | |
| CITY OF CHICAGO, a Municipal Corporation, | ) | |
| OFFICER JAMES SMITH, Star #20664, | ) | Magistrate Judge Ashman |
| OFFICER DARLENE WUJCIK, Star #1661, | ) | |
| DETECTIVE JOHN L. FOLINO, JR., Star #20143, | ) | |
| OFFICER MARTIN PHILBIN, Star #4211, | ) | |
| OFFICER CARL HATTULA, Star #20516, | ) | |
| OFFICER T. K. FOLINO, Star #8669, OFFICER | ) | |
| J.L. FLORES, Star #8080, OFFICER F. M. | ) | |
| FAGIANO, Star #0045, DETECTIVE TIMOTHY | ) | |
| B. McDERMOTT, Star #21084, OFFICER J.E. | ) | |
| ALVARADO, Star #12730, OFFICER S.B. | ) | |
| FORDE, Star #20203, OFFICER S.M. FERGUS, | ) | |
| Star #20809, OFFICER V. H. KUBICA, | ) | |
| Star #21066, OFFICER S.P. DORSEY, Star #6126, | ) | |
| OFFICER VAIL, OFFICER SMITH, and Unknown | ) | |
| Chicago Police Officers, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND**
**JURY DEMAND TO PLAINTIFFS' COMPLAINT**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City

of Chicago, for its answer, defenses, and jury demand to Plaintiffs' complaint, states as follows:

**Allegations Common to All Counts**

1.      Jones was born on July 19,1986, and he is a resident of the City of Chicago, County
of Cook, State of Illinois, and a black United States citizen. Damion, a Minor, was born on March
25, 1992, and brings this action by his Mother and next friend, Veronica, and they are residents of
the City of Chicago, County of Cook, State of Illinois, and they are black United States citizens.
Veronica is Jones' sister and Damion is Jones' nephew.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

2.    City is a municipal corporation, and through its Chicago Police Department, is the employer and principal of all other Defendants. At all times relevant hereto, all Defendants were acting under color of the statutes, ordinances, regulations, customs and usages of the State of Illinois and the City of Chicago, and within the scope of their employment with said institutions. City employed the following Defendants as police officers in its Chicago Police Department at all times relevant to the matters alleged herein: Officer James Smith, Star #20664, Officer Darlene Wujcik, Star #1661, Detective John L. Folino, Jr., Star #20143; Officer Martin Philbin, Star #4211; Officer Carl Hattula, Star #20516, Officer T.K. Folino, Star #8669; Officer J.L. Flores, Star #8080, Officer F.M. Fagiano, Star #45, Detective Timothy B. McDermott, Star #21084, Officer J.E. Alvarado, Star #12730, Officer S.B. Forde, Star #20203, Officer S.M. Fergus, Star #20809, Officer V.H. Kubica, Star #21066, Officer S.P. Dorsey, Star #6126, Officers Vail and Smith (whose first names and initials are not now known), and Unknown Chicago Police Officers (collectively, the "Officer Defendants"). The Officer Defendants were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities. With respect to the alleged murder by gun shot wound of Dorsey Davis on December 5, 2006, and the subsequent arrest, interrogation, imprisonment, and coercion of a false confession from Jones, Officer James Smith was a Reporting Officer, Officer Darlene Wujcik was an Approving Supervisor, Detective John L. Folino, Jr. was the primary Detective assigned and Assisting Arresting Officer, Officer Martin Philbin was the Reporting Officer assigned, Officer Carl Hattula was a Reporting Officer and Approving Supervisor, Officer T.K. Folino was the Attesting Officer and the 1st Arresting Officer, Officer J.L. Flores was the 2nd Arresting Officer, Officer F.M. Fagiano was the Approving Supervisor with respect to the Approval of Probable Cause, and the Final Approval Of Charges, Detective Timothy B. McDermott was Detective and Assisting Arresting Officer and gave testimony before the December, 2005 Grand Jury of the Circuit Court of Cook County in connection with the indictment of Jones and Andre Wilson, Defendants Officer Vail and Officer Smith were Police Officers who participated in the misconduct alleged below, and Officers J.E. Alvarado, S.B. Forde, S.M. Fergus, V.H. Kubica, and S.P. Dorsey, were Assisting Arresting Officers. At all times pertinent herein, Unknown Defendant Chicago Police Officers employed by the City as police officers also participated in the unlawful conduct complained of herein. Defendant Detectives John L. Folino, Jr. and Defendant Vail and, on information and belief, other Officer Defendants also participated in the unlawful arrest, detention and interrogation of Damion.

ANSWER:    Defendant City admits it is a municipal corporation and that the Officer Defendants

are sued in their individual capacities.  Defendant City additionally admits, upon

information and belief, based upon Chicago Police Department records, that Officer

James Smith, Star #20664, Officer Darlene Wujcik, Star #1661, Detective John L.
Folino, Jr., Star #20143; Officer Martin Philbin, Star #4211; Officer Carl Hattula,
Star #20516, Officer T.K. Folino, Star #8669; Officer J.L. Flores, Star #8080, Officer
F.M. Fagiano, Star #45, Detective Timothy B. McDermott, Star #21084, Officer J.E.
Alvarado, Star #12730, Officer S.B. Forde, Star #20203, Officer S.M. Fergus, Star
#20809, Officer V.H. Kubica, Star #21066, and Officer S.P. Dorsey, Star #6126, are
employees of the Chicago Police Department and were, at the time of this
occurrence, duly licensed Chicago Police Officers, on duty, in the course and scope
of their employment and under color of law.  Defendant City denies the allegations
contained in this paragraph to the extent that they pertain to the City.  Defendant City
is without knowledge or information sufficient to form a belief as to the truth of the
remaining allegations contained within this paragraph.

3.      On information and belief Dorsey Davis, was killed and Tyisha Hillard was wounded
in a robbery related incident on the sidewalk in the 300 block of North Pine Avenue, Chicago,
Illinois on December 5,2006. Jones and Andre Wilson were in retail establishments at or about the
time of these alleged crimes and certain security video tapes evidenced their non-involvement in
these alleged crimes.

ANSWER:      Defendant City admits, on information and belief, based upon Chicago Police
Department records, that Dorsey Davis was killed and Tyisha Hillard was wounded
in a n incident on the sidewalk in the 300 block of North Pine Avenue, Chicago,
Illinois on December 5, 2006.  Defendant City is without knowledge or information
sufficient to form a belief as to the truth of the remaining allegations contained
within this paragraph.

4.      On December 6, 2006, at approximately 6:00 A.M., Jones was wrongfully, wilfully, and wantonly arrested without probable cause. Between 5:15 A.M. and 6:00 A.M., three Chicago police officers arrived at 1244 N. Mason, Chicago, Illinois 60651, the residence where Jones resides with his family, and questioned Jones, along with several other persons, concerning Jones' whereabouts on the night of December 5, 2006.   At or about 6:00 A.M., said police officers handcuffed Jones, stating that "You're not under arrest but this is our procedure", took Jones into custody involuntarily over the objections of Jones and Jones' Mother, Lois Jones, and transported Jones to the Area 5 Chicago police station at Grand and Central, Chicago, Illinois, where Jones was placed in an interrogation/investigation room and held for more than 48 hours.

ANSWER:      Defendant City admits, on information and belief, based upon Chicago Police

Department records, that Larry Jones was arrested on December 6, 2006.  Defendant

City denies, on information and belief, based upon Chicago Police Department

records, that Larry Jones was arrested at approximately 6:00 a.m.  Defendant City

is without knowledge or information sufficient to form a belief as to the remaining

allegations contained within this paragraph.

5.      Following the questioning of Jones and others at said residence the Chicago police officers had no probable cause to believe that Jones had committed a criminal act and no arrest warrant had been issued for Jones.

ANSWER:      Defendant City is without knowledge or information sufficient to form a belief as to

the allegations contained within this paragraph.

6.      During the time when Jones was kept in the interrogation/investigation room, Jones was interrogated by certain of the Officer Defendants, including on information and belief, Defendant Smith, Defendant Detective John L. Folino, Jr., and Chicago police officers whose names are not known but known by Jones as "the Lieutenant" and the "Sergeant", and other Chicago police officers whose names are unknown.

ANSWER:      Defendant City is without knowledge or information sufficient to form a belief as to

the allegations contained within this paragraph.

4

7.     On December 6, 2006, at approximately 9:50 A.M. Defendant Detective John L. Folino, Jr. and his Chicago police officer partner arrived at 1244 N. Mason, Chicago, Illinois 60651 again, and questioned Damion about Damion's activities on December 5, 2006.

ANSWER:     Defendant City is without knowledge or information sufficient to form a belief as to

the allegations contained within this paragraph.

8.     During the course of the interrogation of Jones, Jones was denied rights afforded to him by the statutes of the State of Illinois, the United States of America, and the Constitutions of the State of Illinois and the United States of America. Ensuing events constituting a denial of Jones' rights included, but were not limited to, the following: During the course of the interrogation the police officer known by Jones as "the Lieutenant" handcuffed Jones to the wall of the interrogation/investigation room, slapped Jones twice on the left side of his face, took a lighted cigarette and motioned as if he was going to burn Jones unless Jones would tell him what he wants to hear and confess to the murder of Dorsay Davis by Andre Wilson and Jones. Defendant Smith, Defendant Detective John L. Folino, Jr., "the Lieutenant", the "Sergeant", and other Officer Defendants concocted a false confession for Jones to repeat concerning the commission of the alleged crimes by Andre Wilson and Jones, threatened Jones in their efforts to coerce Jones to falsely confess to the commission of the alleged crimes by Andre Wilson and Jones, and ignored Jones' constant denials of participation in the alleged crimes, telling Jones in a threatening way: "You know what the fuck is going on". Said Officer Defendants denied Jones' repeated requests for access to the telephone to telephone an attorney, and failed to give Jones a Miranda warning. Jones was isolated in a tiny interrogation/investigation room furnished with only a narrow metal bench, where he was subjected to a prolonged period of interrogation, Jones was deprived of adequate food, fluids, sleep, and access to bathroom facilities, and at a certain point was only allowed to urinate in a bottle, during the period of interrogation.

ANSWER:     Defendant City is without knowledge or information sufficient to form a belief as to

the allegations contained within this paragraph.

9.     Finally, Jones, in great pain, in order to avoid further physical, mental, and psychological abuse, and fearing that he would be hit again and further injured or permanently maimed, was coerced into making a false and involuntary confession fabricated by the Officer Defendants when in fact Andre Wilson and Jones had nothing to do whatsoever with the alleged crimes.

ANSWER:     Defendant City is without knowledge or information sufficient to form a belief as to

the allegations contained within this paragraph.

10.    Defendant Smith, Defendant Detective John L. Folino, Jr., "the Lieutenant", the "Sergeant", and other Officer Defendants concocted a false confession, and coerced Jones to make said false confession which fabricated his involvement and the involvement of Andre Wilson in the alleged crimes in an improperly conducted and unlawful videotape. Said Defendant Smith, Defendant Detective John L. Folino, Jr., "The Lieutenant", the "Sergeant" and other Officer Defendants knew that said false confession had been concocted and coerced, that the confession was not voluntary, and was being given under duress and under threat of physical injury and after denial of due process rights of Jones and failure to apprise Jones of his rights under Miranda.    After obtaining said false confession, in an attempt to buttress said false confession with other fabricated evidence, Jones was required to appear in a suggestive and improper line-up, wherein, on information and belief, Jones either was not positively identified, or was identified solely as a result of the persuasion of said Officer Defendants, tainting any witness by utilizing the false confession which they fabricated and coerced from Jones.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the allegations contained within this paragraph.

11.    On the morning of December 7, 2006, Defendant Detective John L. Folino, Jr. arrived at 1244 N. Mason, Chicago, Illinois 60651 again, questioned Lois Jones, and demanded to see Veronica's car, followed Lois Jones in her car when she was taking her grandchildren to school, and telephoned Veronica repeatedly, attempting to implicate Veronica's car in the alleged crimes by telling her that Jones said he takes her car keys off of her dresser at night, which Veronica denied. Defendant Detective John L. Folino, Jr. asked Veronica to bring Damion into the police station after school (which request was a pretense to find out when and where Damion would get out of school). At approximately 4:15 P.M. on December 7, 2006, Defendant Detective John L. Folino, Jr. wrongfully, wilfully, and wantonly arrested Damion without probable cause by taking Damion into custody involuntarily on Damion's way home from Austin High School, and transporting Damion to the Area 5 Chicago police station at Grand and Central, Chicago, Illinois, where Damion was interrogated for approximately 7 hours against his will without proper notice to his mother Veronica.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the allegations contained within this paragraph.

12.    Defendant Detective John L. Folino, Jr. had no probable cause to believe that Damion had committed a criminal act and no arrest warrant had been issued for Damion.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the allegations contained within this paragraph.

13.     During the course of the interrogation of Damion, Damion was denied rights afforded to him by the statutes of the State of Illinois, the United States Of America, and the Constitutions of the State of Illinois and the United States of America.   Ensuing events constituting a denial of Damion's rights included, but were not limited to, the following: Defendant Detective John L. Folino, Jr. and other Chicago police officers failed to give a Miranda warning to Damion. Although Damion constantly denied participation in the crime, Damion, a 14 year old Minor, was subjected to a prolonged period of interrogation for approximately 7 hours. Defendant Officer John L. Folino, Jr. and other Officer Defendants verbally and psychologically abused Damion in an effort to implicate Damion and/or Jones in the alleged crime purportedly involving Jones and Andre Wilson, without having reasonable grounds to believe either Jones or Damion had committed any crimes, and threatened Damion by telling him that he was only a 14 year old kid and if he did not cooperate he was going to spend the rest of his life in jail. Damion refused to falsely confess to any involvement in the alleged crimes. Defendant Detective John L. Folino, Jr., Defendant Vail, and other police officers threatened to retaliate by telling Damion: "We are going to meet you (or see you) out on the streets". Damion was only released sometime after his attorney arrived and demanded his release.

ANSWER:     Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

14.     On the night of December 7,2006, an attorney representing Jones and Damion arrived at Area 5 Chicago police station, Grand and Central, Chicago, Illinois, and demanded to see Jones and Damion. Four police officers, including a Sergeant, denied him access to his clients. Defendant Vail told the attorney that he could not represent both Jones and Damion. Defendant Detective John L. Folino, Jr. told the attorney that Jones did not want an attorney. These representations were knowingly false, and when the attorney persisted in his demands to see Jones and Damion, Damion was released after some delay, but the Officer Defendants continued to fail and refuse to permit said attorney to see or communicate with Jones.

ANSWER:     Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

15.     On information and belief, sometime on December 8, 2006, Jones was given a Miranda warning for the first time since his warrantless arrest without probable cause at

7

approximately 6:00 AM. on December 6, 2006. On December 8, 2006, Jones was charged with the offenses of Murder-First Degree, Class M-Type F, under 720 ILCS 5.0/9-1-A-l; Robbery-Armed W/Firearm, Class X-Type F, under 720 ILCS 5.0/18-2-A-2; and Robbery-Armed W/Firearm, Class X-Type F, under 720 ILCS 5.0/18-2-A-2 and taken to Cook County jail. On information and belief, between December 6 and December 8, 2006, the following Defendants also participated in unlawful conduct as follows: In the arrest of Jones, Defendant Officer T.K. Folino wrongfully, willfully, and wantonly participated as the "1st arresting Officer" and "Attesting Officer", Defendant Officer J.L. Flores wrongfully, willfully, and wantonly participated as the "2nd Arresting Officer", and Defendant Officer F.M. Fagiano wrongfully, willfully, and wantonly participated as the "Approving Supervisor with respect to the Approval of Probable Cause" and "Final Approval of Charges" in the knowingly false and untrue substantiation of probable cause and the baseless charges made against Jones by the Officer Defendants. Jones' initial court date was more than 48 hours after his warrantless arrest at approximately 6:00 AM on the morning of December 6, 2006. The arrest of Jones and the charges made against him were without probable cause and the Officer Defendants knowingly, wrongfully, willfully, wantonly and maliciously participated in the false arrest and interrogation of Jones and Damion, and in the false imprisonment and coercion of a false confession from Jones and falsely filed charges against Jones.

ANSWER:     Defendant City admits, on information and belief, based upon Chicago Police Department records, that Larry Jones was charged on December 8, 2006, with the offenses of Murder-First Degree, Class M-Type F, under 720 ILCS 5.0/9-1-A-l; Robbery-Armed W/Firearm, Class X-Type F, under 720 ILCS 5.0/18-2-A-2; and Robbery-Armed W/Firearm, Class X-Type F, under 720 ILCS 5.0/18-2-A-2. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

16.     On or about December 28, 2006 The December, 2006 Grand Jury of the Circuit Court of Cook County, by reason of the testimony of Defendant Detective Timothy B. McDermott, given knowingly, wrongfully, willfully, wantonly, and maliciously against Jones, returned a 22 count indictment in The People of the State of Illinois v. Andre Wilson Larry Jones, General No. 06 CR-28446, in connection with the alleged murder of Dorsay Davis and shooting of Tyisha Hillard and related armed robbery which included the following counts against both Andre Wilson and Jones: Six (6) Counts of First Degree Murder with respect to Dorsay Davis, One Count of Attempt First Degree Murder with respect to Tyisha Hillard, One (1) Count of Aggravated Battery with respect to Tyisha Hillard, Two (2) Counts of Armed Robbery with respect to Tyisha Hillard, One (1) Count of Attempt Armed Robbery with respect to Dorsay Davis, and One (1) Count of Aggravated Discharge of a Firearm with respect to Tyisha Hillard.

ANSWER:     Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.


17.     On January 18, 2007 on Motion of the Cook County State's Attorney, the Honorable Judge Stanley J. Sacks entered an Order of Nolle Prosequi with regard to all charges against Jones thereby terminating the criminal action favorably to Jones in Case No. 06 CR 28446, and Jones was discharged and released as to said Case. The Cook County States Attorney abandoned the prosecution of Jones and Andre Wilson for reasons indicative of their innocence, including but not limited to, the existence of security videotapes which established their non-involvement in the crimes.

ANSWER:     Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.


18.     Each of the Officer Defendants participated in the unlawful arrest and interrogation, and coercion of an involuntary false confession from Jones, and incarceration of Jones and in the unlawful arrest and interrogation of Damion without probable cause or any other justification. From the time Jones and Damion were arrested, during the entire times when Jones and Damion were interrogated and/or incarcerated, Jones and Damion were required to stay, and were not free to leave.

ANSWER:     Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.


19.     Jones and Damion each has a right to be free from illegal searches and seizure of his person and a right to be free from unlawful arrest, detention and imprisonment, the use of excessive force, and from coercion of a false and involuntary confession. The actions of the Officer Defendants, described above were all performed with malice and premeditation under color of state law with willful and wanton disregard of Plaintiffs' rights under the statutes of the State of Illinois, the United States of America, and the Constitutions of the State of Illinois and the United States of America.

ANSWER:     Defendant City states that Plaintiffs' allegation that Jones and Damion each has a

right to be free from illegal searches and seizure of his person and a right to be free

from unlawful arrest, detention and imprisonment, the use of excessive force, and

from coercion of a false and involuntary confession, is a vague, incomplete, or incorrect statement of the common law and the statutes of the State of Illinois, the United States of America, and the Constitutions of the State of Illinois and the United States of America, and therefore, this allegation is denied. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

20.    The misconduct described above was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.


21.    The misconduct described above was undertaken pursuant to the policy and practice and custom of City's Chicago Police Department in that:

(a)    As a matter of both policy and practice and custom, the City's Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

(b)    As a matter of both policy and practice, the City's Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiffs; specifically, Chicago Police Officers accused of misconduct can be confident that such misconduct will not be adequately investigated in earnest nor adequately disciplined even where the Police Officer has engaged in unconstitutional and criminal misconduct;

(c)    Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiffs.

(d)    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report

misconduct committed by other officers, such as the misconduct at issue in this Case; and,

(e)     City has failed to act to remedy the patterns of abuse described herein, despite actual knowledge of the same, thereby causing the types of injuries alleged herein.

The policies and practices and customs herein complained of are so prevalent and widespread as to put City's policy-makers on actual and implied notice that such policies and practices and customs existed in foil force and effect, and said policy-makers have acted willfully, wantonly and deliberately indifferent towards Plaintiffs' constitutional rights by accepting, maintaining and protecting said policies and practices and customs.

ANSWER:    Defendant City denies the allegations contained within this paragraph, including its

subparts.

22.     By letter dated April 30, 2007, the attorneys for City and the attorneys for Superintendent, Chicago Police Department, were advised of the claims herein and of Plaintiffs' attorneys' representation of Jones and Damion. By letter dated July 5, 2007, Police Agent Don P. Lewis #10338 acknowledged that a complaint registered under "C.L. No. 1005762 Ref: Jones, Damion" was under investigation by the Chicago Police Department, and subsequently requested interviews with Jones and Damion which interviews were declined by Plaintiffs' attorneys.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

23.     Thereafter, in further willful and wanton violation of Jones' rights, Chicago Police officers (whose identities are currently unknown) committed the following unlawful acts with malice and premeditation without probable cause under color of state law:

(a)     On or about October 29, 2007, Jones was detained and searched by two (2) Chicago Police Department detectives on the 1300 block of North Mason, Chicago, Illinois, who asked Jones "what happened to the murder case", and then said "he's clean", and then released Jones; and,

(b)     On November 1, 2007, at approximately 12:00 Noon in front of Andre Wilson's residence at 1217 N. Mason, Chicago, Illinois, Jones was arrested and handcuffed by Chicago Police Department detectives who failed to give Jones & Miranda warning, held him for approximately 61/2 hours at the Area 5 Chicago Police Station at Grand and Central, Chicago, Illinois, and then released him on his individual bond

after he was charged with interfering with Chicago Police Officers, which offense Jones did not commit.

ANSWER:     Defendant City admits, on information and belief, based upon Chicago Police Department records, that Larry Jones was arrested on November 1, 2007 at approximately 11:45 a.m. at 1206 N. Mason, Chicago, Illinois, was charged with Resist/Obstruct-Peace Officer/Correctional Emp, 720 ILCS 5/31-1-A, and that Larry Jones was released on an Individual Recognizance bond at approximately 1720 hours on November 1, 2007 from the 25th District Male Lockup, which is located at Grand and Central, Chicago, Illinois.  Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph, including its subparts.

24.     Such acts of misconduct were attempts of retaliation by members of the Chicago Police Department for Jones' retaining counsel to represent him and the advice of claims described above, which retaliation was undertaken pursuant to the policy and practice and custom condoned by the City's Chicago Police Department in that it allows such unreasonable conduct undertaken intentionally and willful indifference to citizens' rights to occur without consequence as a further result of failing to adequately train, and supervise its officers, which further manifests deliberate indifference, and this policy and practice and custom is also so prevalent and widespread as to put City's policy-makers on actual and implied notice that such policy and practice and custom existed in full force and effect and such policy-makers have acted willfully, wantonly and deliberately indifferent thereto by accepting, maintaining and protecting such policy and practice and custom.

ANSWER:     Defendant City is without knowledge or information sufficient to form a belief as to the allegation that "such acts of misconduct were attempts of retaliation by members of the Chicago Police Department for Jones' retaining counsel to represent him and the advice of claims described above."  Defendant City denies the remaining allegations contained within this paragraph.

12

25.    As a direct and proximate result of the facts and allegations set forth above, Jones was injured and suffered, and will in the future suffer, injuries of a personal and pecuniary nature including but not limited to damage to his credit and reputation and employment opportunities, he had to bear the loss of his freedom and the indignities of imprisonment, suffered financial damage and severe emotional distress, and he was otherwise damaged and caused to suffer from the facts and allegations set forth above.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

26.    As a direct and proximate result of the facts and allegations set forth above, Damion was injured and suffered, and will in the future suffer, injuries of a personal and pecuniary nature including but not limited to damage to his credit and reputation and educational and employment opportunities, he had to bear the loss of his freedom and indignities of arrest, suffered financial damage and severe emotional distress, and he was otherwise damaged and caused to suffer from the facts and allegations set forth above.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

## COUNT I - Jones

### 42 U.S.C. Section 1983-False Arrest and False Imprisonment

1-26.    Jones realleges paragraphs 1. through 26. inclusive of Allegations Common to All Counts as paragraphs 1. through 26. inclusive of Count I.

ANSWER:    Defendant City realleges its answers to paragraphs 1 through 26 as if fully restated

herein.

27.    As alleged in the preceding paragraphs, Jones was improperly seized, arrested and imprisoned without probable cause or any other justification in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States by the conduct of the Officer Defendants alleged above.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

13

the truth of the allegations contained within this paragraph.

28.    The misconduct alleged in this Count was undertaken pursuant to the policies and practices and customs of the Chicago Police Department described in preceding paragraphs.

ANSWER:    Defendant City denies the allegations contained in this paragraph.

29.    As a direct and proximate result of the above described wrongful conduct as well as the City's policies and practices and customs, Jones was caused to suffer great pain, both physical and mental, great monetary loss, deprivation of liberty, loss of ability to work and fully function as a member of his family and community.

ANSWER:    Defendant City denies that the City's policies and practices and customs resulted in

any injury to Plaintiff Jones.  Defendant City is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained

within this paragraph.

**COUNT II - Damion**

**42 U.S.C. Section 1983-False Arrest and False Imprisonment**

1-26.    Damion realleges paragraphs 1. through 26. inclusive of Allegations Common to All Counts as paragraphs 1. through 26. inclusive of Count I.

ANSWER:    Defendant City realleges its answers to paragraphs 1 through 26 as if fully restated

herein.

27.    As alleged in the preceding paragraphs, Damion was improperly seized, arrested and imprisoned without probable cause or any other justification in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States by the conduct of the Officer

Defendants alleged above.

ANSWER:     Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

28.     The misconduct alleged in this Court was undertaken pursuant to the policies and practices and customs of the Chicago Police Department described in preceding paragraphs.

ANSWER:     Defendant City denies the allegations contained within this paragraph.

29.     As a direct and proximate result of the above described wrongful conduct as well as the City's policies and practices and customs, Damion was caused to suffer great pain, both physical and mental, great monetary loss, deprivation of liberty, loss of ability to work and fully function as a member of his family and community.

ANSWER:     Defendant City denies that the City's policies and practices and customs resulted in

any injury to Plaintiff Damion.  Defendant City is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained

within this paragraph.

## COUNT III - Jones

### 42 U.S.C. Section 1983-Excessive Force/Due Process
### Equal Protection/Right to Counsel Violations

1.-26. Jones realleges paragraphs 1 through 26 inclusive of Allegations Common to All Counts as paragraphs 1. through 23. inclusive of Count III.

ANSWER:     Defendant City realleges its answers to paragraphs 1 through 26 as if fully restated

herein.

27.     As alleged in the preceding paragraphs, Jones was subjected to excessive force in

violation of the United States Constitution by the conduct of the Officer Defendants alleged above, and he was forced to confess by threat of imminent bodily harm, denied his rights of due process and equal protection, and deprived of his right against self incrimination, and denied his right to counsel in violation of the Fifth, Fourteenth and Sixth Amendments to the United States Constitution, and the Constitution and laws of the State of Illinois.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.


28.    The misconduct alleged in this Count was undertaken pursuant to the policies and practices and customs of the Chicago Police Department described in preceding paragraphs.

ANSWER:    Defendant City denies the allegations contained within this paragraph.


29.    As a direct and proximate result of the above described wrongful conduct as well as the City's policies and practices and customs, Jones was caused to suffer great pain, both physical and mental, great monetary loss, deprivation of liberty, loss of ability to work and fully function as a member of his family and community.

ANSWER:    Defendant City denies that the City's policies and practices and customs resulted in

any injury to Plaintiff Jones.  Defendant City is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained

within this paragraph.


**COUNT IV - Jones and Damion**

**42 U.S.C. Section 1983 - Failure to Intervene**

1.-26.  Jones and Damion re-allege paragraphs 1. through 26, inclusive of Allegations Common To All Counts as paragraphs 1. through 26 inclusive of Count IV.

ANSWER:    Defendant City realleges its answers to paragraphs 1 through 26 as if fully restated

herein.

16

27.    The Officer Defendants as well as unknown Chicago Police Officers had a reasonable opportunity to prevent the violation of Jones' and Damion's constitutional rights as set forth above had they been so inclined, but failed to do so.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

28.    As a result of said failure to intervene, Jones and Damion suffered pain and injury, as well as emotional distress.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

29.    Said failure to intervene was undertaken intentionally, with malice and reckless indifference to Jones' and Damion's persons and rights.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

30.    The misconduct described in this Count was undertaken pursuant to the policies and practices of City and its Chicago Police Department in the manner alleged above.

ANSWER:    Defendant City denies the allegations contained within this paragraph.

31.    The misconduct alleged in this Count was undertaken by the Officer Defendants as well as unknown Chicago Police Officers within the scope of their employment and under color of law such that their employer, City, is liable for their actions.

ANSWER:    Defendant City states that Plaintiffs' allegation that the City is liable for the actions

of the Officer Defendants as well as unknown Chicago Police Officers is a vague,

incomplete, or inaccurate statement of the City's liability, and therefore, this

17

allegation is denied.  Defendant City is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations contained within this

paragraph.

32.    As a direct and proximate result of the above described wrongful conduct as well as the City's policies and practices and customs, Jones and Damion were caused to suffer great pain, both physical and mental, great monetary loss, deprivation of liberty, loss of ability to work and fully function as a member of their family and their community.

ANSWER:    Defendant City denies that the City's policies and practices and customs resulted in

any injury to Plaintiffs.  Defendant City is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained

within this paragraph.

## COUNT V - Jones and Damion

### 42 U.S.C. Section 1983 - Violations of Due Process
### Equal Protection/Right to Counsel

1-26.  Jones and Damion re-allege paragraphs 1. through 26 inclusive of Allegations Common To All Counts as paragraphs 1. through 26 inclusive of Count V.

ANSWER:    Defendant City realleges its answers to paragraphs 1 through 26 as if fully restated

herein.

27.    As alleged in the preceding paragraphs Jones and Damion were improperly deprived of their rights to due process, equal protection and their rights to counsel in violation of Federal and State law by the conduct of the Officer Defendants alleged above.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

18

28.    The misconduct alleged in this Count, was undertaken pursuant to the policies and practices and customs of the Chicago Police Department described in preceding paragraphs.

ANSWER:    Defendant City denies the allegations contained within this paragraph.


29.    As a direct and proximate result of the above described wrongful conduct as well as the City's policies, and practices and customs, Jones and Damion were both caused to suffer great pain, both physical and mental, great monetary loss, deprivation of liberty, loss of ability to work and fully function as a member of their family and their community.

ANSWER:    Defendant City denies that the City's policies and practices and customs resulted in

any injury to Plaintiffs.  Defendant City is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained

within this paragraph.


## COUNT VI - Jones

## Malicious Prosecution


1-26. Jones realleges paragraphs 1. through 26 inclusive of Allegations Common To All Counts as paragraphs 1. through 26. inclusive of Count VI.

ANSWER:    Defendant City realleges its answers to paragraphs 1 through 26 as if fully restated

herein.


27.    As alleged in the preceding paragraphs, the prosecution of Jones in Case No. 06 CR 28446 was malicious and without probable cause, and said Case No. 06 CR 28446 was judicially determined in favor of Jones.

ANSWER:    Defendant City denies any wrongdoing as to the allegations contained within this

paragraph to the extent that they are directed toward the City.  Defendant City is

without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained within this paragraph.

28.    That Jones, by reason of said acts of Defendants, has been and is greatly injured in his credit and reputation, and he further incurred injuries of a personal and pecuniary nature, and he was otherwise damaged.

ANSWER:    Defendant City denies any allegations of wrongdoing in this paragraph to the extent

they are directed toward the City. Defendant City is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

contained within this paragraph.

## COUNT VII

### Assault - Jones

1.-26. Jones realleges paragraphs 1. through 26, inclusive of Allegations Common To All Counts as paragraphs 1. through 26 inclusive of Count VII.

ANSWER:    Defendant City realleges its answers to paragraphs 1 through 26 as if fully restated

herein.

27.    As described in the preceding paragraphs, the conduct of the Officer Defendants, acting within the scope of their employment as police officers, created a reasonable apprehension of imminent harm, undertaken willfully and wantonly, proximately causing Jones emotional and other injuries.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

28.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifferent to Jones' constitutional rights.

ANSWER:    Defendant City denies any allegations of wrongdoing in this paragraph to the extent

20

they are directed toward the City.  Defendant City is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

contained within this paragraph.

29.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to Jones' rights.

ANSWER:    Defendant City denies any allegations of wrongdoing in this paragraph to the extent

they are directed toward the City.  Defendant City is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

contained within this paragraph.

30.    As a result of the Defendant Officers' conduct, Jones had a reasonable apprehension that his person was in danger.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

31.    The misconduct described in this Count was undertaken by the Officer Defendants within the scope of their employment such that their employer, City, is liable for their actions.

ANSWER:    Defendant City states that Plaintiffs' allegations that the City is liable for the actions

of Officer Defendants is a vague, incomplete, or inaccurate statement of the law

regarding municipal liability, and therefore, this allegation is denied. Defendant City

is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained within this paragraph.

32.    As a direct and proximate result of said misconduct, Jones was damaged, incurred injuries of a personal and pecuniary nature, and he was otherwise damaged.

ANSWER:    Defendant City denies any wrongdoing as to the allegations contained within this

paragraph to the extent that they are directed toward the City.  Defendant City is

without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained within this paragraph.

## COUNT VIII

### Battery - Jones

1-26.    Jones realleges paragraphs 1. through 26, inclusive of Allegations Common To All Counts as paragraphs 1. through 26 inclusive of Count VIII.

ANSWER:    Defendant City realleges its answers to paragraphs 1 through 26 as if fully restated

herein.

27.    As described in the preceding paragraphs, the conduct of Officer Defendants, acting within the scope of their employment as Chicago police officers, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Jones' injuries.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

28.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Jones constitutional rights.

ANSWER:    Defendant City denies any allegations of wrongdoing in this paragraph to the extent

they are directed toward the City.  Defendant City is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

contained within this paragraph.

29.    The misconduct described in this Count was undertaken by the Officer Defendants within the scope of their employment such that their employer, City, is liable for their actions.

ANSWER:    Defendant City states that Plaintiffs' allegations that the City is liable for the actions

of Officer Defendants is a vague, incomplete, or inaccurate statement of the law

regarding municipal liability, and therefore, this allegation is denied. Defendant City

is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained within this paragraph.

30.    As a direct and proximate result of said misconduct, Jones was damaged, incurred injuries of a personal and pecuniary nature, and he was otherwise damaged.

ANSWER:    Defendant City denies any allegations of wrongdoing in this paragraph to the extent

they are directed toward the City.    Defendant City is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

contained within this paragraph.

**COUNT IX - Jones**

**Intentional Infliction of Emotional Distress**

1-26. Jones realleges paragraphs 1. through 26. inclusive of Allegations Common To All Counts as paragraphs 1. through 26 inclusive of Count IX.

ANSWER:    Defendant City realleges its answers to paragraphs 1 through 26 as if fully restated

herein.

27.    In being arrested and treated in the aforesaid manner by the Officer Defendants, Jones suffered emotional and psychological trauma and injury as he was falsely arrested and falsely imprisoned and compelled to confess to a crime he did not commit and denied his right to counsel in a manner deliberately intended to inflict emotional psychological harm.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

28.    The conduct of Defendant Officers towards Jones in this manner was excessive, undertaken without legal provocation, violative of basic and fundamental police procedure, and was taken for purely personal reasons to cause harm to Jones, and was grossly offensive and disproportionate to the situation at hand and shocks the conscience.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

29.    At the time of the incident alleged above and prior thereto, the training and supervision of Defendant Officers in the arrest, treatment, and safeguarding of persons was grossly inadequate and non-existent, and the aforementioned acts and/or omissions by Defendant Officers could not have been accomplished without the participation of other employees of the City's Chicago Police Department which are proximate cause of the pain and suffering of Jones and subjected him to the deprivation of his constitutional rights.

ANSWER:    Defendant City denies the allegations contained within this paragraph.

30.    The acts and omissions of the Defendant Officers individually and as agents of City, and City constitute extreme and outrageous conduct by Defendants, intended to cause or recklessly disregarding the probability of causing severe and emotional distress to Jones.

ANSWER:    Defendant City denies any allegations of wrongdoing in this paragraph to the extent

they are directed toward the City.    Defendant City is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

contained within this paragraph.

## COUNT X - Damion

### Intentional Infliction of Emotional Distress

1-26. Damion realleges paragraphs 1. through 26, inclusive of Allegations Common To All Counts as paragraphs 1. through 26 inclusive of Count X.

ANSWER:    Defendant City realleges its answers to paragraphs 1 through 26 as if fully restated

herein.

27.    In being arrested and treated in the aforesaid manner by the Officer Defendants, Damion suffered emotional and psychological trauma and injury as he was falsely arrested and falsely imprisoned and placed in a police vehicle and taken to a police station and denied his right to counsel in a manner deliberately intended to inflict emotional psychological harm.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

28.    The conduct of Defendant Officers in arresting the minor Damion in this manner and having him transported to a jail facility was excessive, undertaken without legal provocation, violative of basic and fundamental police procedure, and was taken for purely personal reasons to cause harm to the minor Damion, and was grossly offensive and disproportionate to the situation at hand and shocks the conscience.

ANSWER:    Defendant City is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained within this paragraph.

29.    At the time of the incident alleged above and prior thereto, the training and supervision of Defendant Officers in the arrest, treatment, and safeguarding minors was grossly inadequate and non-existent, and the aforementioned acts and/or omissions by Defendant could not have been accomplished without the participation of other employees of the City's Chicago Police Department which are proximate cause of the pain and suffering of Damion and subjected him to the deprivation of his constitutional rights.

ANSWER:    Defendant City denies the allegations contained within this paragraph.

30.     The acts and omissions of the Defendant Officers individually and as agents of City, and City constitute extreme and outrageous conduct by Defendants, intended to cause or recklessly disregarding the probability of causing severe and emotional distress to a minor of ordinary sensibilities, particularly Damion.

ANSWER:     Defendant City denies any allegations of wrongdoing in this paragraph to the extent

they are directed toward the City.   Defendant City is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

contained within this paragraph.


## COUNT XI - Respondent Superior

## (City of Chicago)

1-26.     Jones and Damion reallege paragraphs 1. through 26. inclusive of Allegations Common To All Counts as paragraphs 1. through 26. inclusive of Count XI.

ANSWER:     Defendant City realleges its answers to paragraphs 1 through 26 as if fully restated

herein.


27.     In committing the acts alleged in the preceding paragraphs and Counts, the Officer Defendants were members of, and agents of, the Chicago Police Department, acting at all relevant times within the scope of their employment.

ANSWER:     Defendant City admits, on information and belief, based upon Chicago Police

Department records, that Officer James Smith, Star #20664, Officer Darlene Wujcik,

Star #1661, Detective John L. Folino, Jr., Star #20143; Officer Martin Philbin, Star

#4211; Officer Carl Hattula, Star #20516, Officer T.K. Folino, Star #8669; Officer

J.L. Flores, Star #8080, Officer F.M. Fagiano, Star #45, Detective Timothy B.

McDermott, Star #21084, Officer J.E. Alvarado, Star #12730, Officer S.B. Forde,

Star #20203, Officer S.M. Fergus, Star #20809, Officer V.H. Kubica, Star #21066, and Officer S.P. Dorsey, Star #6126, are members of the Chicago Police Department, and were acting at all relevant times within the scope of their employment. Defendant City is without knowledge or information sufficient to from a belief as to the truth of the remaining allegations contained within this paragraph.

28.    City is liable as principal for all torts committed by its agents.

ANSWER:    Defendant City states that Plaintiffs' allegation that the City is liable as principal for all torts committed by its agents is a vague, incomplete, or inaccurate statement of the City's liability under respondeat superior, and therefore, this paragraph is denied.

## COUNT XII- Indemnification

### (City of Chicago)

1-26.    Jones and Damion reallege paragraphs 1. through 26. inclusive of Allegations Common To All Counts as paragraphs 1.-26. inclusive of Count XII.

ANSWER:    Defendant City realleges its answers to paragraphs 1 through 26 as if fully restated herein.

27.    Illinois Law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

ANSWER:    Defendant City states that Plaintiffs' allegations in this paragraph regarding the City's liability are a vague, incomplete, or inaccurate statement of Illinois law, and therefore, this paragraph is denied.

27

28.    The Officer Defendants are or were employees of the City's Chicago Police Department, who acted within the scope of their employment in committing the misconduct alleged in the preceding paragraphs and Counts.

ANSWER:    Defendant City admits, on information and belief, based upon Chicago Police

Department records, that Officer James Smith, Star #20664, Officer Darlene Wujcik,

Star #1661, Detective John L. Folino, Jr., Star #20143; Officer Martin Philbin, Star

#4211; Officer Carl Hattula, Star #20516, Officer T.K. Folino, Star #8669; Officer

J.L. Flores, Star #8080, Officer F.M. Fagiano, Star #45, Detective Timothy B.

McDermott, Star #21084, Officer J.E. Alvarado, Star #12730, Officer S.B. Forde,

Star #20203, Officer S.M. Fergus, Star #20809, Officer V.H. Kubica, Star #21066,

and Officer S.P. Dorsey, Star #6126, are or were employees of the Chicago Police

Department, and were acting at all relevant times within the scope of their

employment. Defendant City is without knowledge or information sufficient to from

a belief as to the truth of the remaining allegations contained within this paragraph.


WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's

Complaint, award the City costs and fees as allowed by law, and grant such further relief as this

Court deems just and proper.


## AFFIRMATIVE DEFENSES


1.    Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of

the state law claims alleged because a public employee is not liable for his or her acts or

omissions in the execution or enforcement of any law, unless such acts or omissions constitute

willful and wanton conduct.  745 ILCS 10/2-202.

2.      Under the Illinois Tort Immunity Act, a public employee serving in a position involving the determination of policy or exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when action in the exercise of such discretion even though abused.  745 ILCS 10/2-201.

3.      Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.    4.      Defendant Officers are not liable for any of Plaintiffs' claims because they can not be held liable for acts or omissions of other people.  Under the Tort Immunity Act, Defendant Officers are not liable for any of Plaintiffs' alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person.  745 ILCS 10/2-204.

5.      Plaintiffs have a duty to mitigate their damages, and any damages awarded to Plaintiffs would be required to be reduced by any amount by which the damages could have been lessened by Plaintiffs' failure to take reasonable action to minimize those damages.

6.      To the extent any injuries or damages claimed by Plaintiffs were proximately caused, in whole or in part, by any wrongful conduct on the part of the plaintiffs, any verdict or judgment obtained by Plaintiffs based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case.  See People of City of Rollings Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

7.     One basis for liability against the City is a claim for indemnity.  745 ILCS 10/9-102.  If the Defendant Officers are found not liable to the plaintiffs, the City is not liable to the plaintiffs.  745 ILCS 10/2-109.

## JURY DEMAND

The City  respectfully requests a trial by jury.

Respectfully submitted,

MARA S. GEORGES,
CORPORATION COUNSEL
CITY OF CHICAGO


By:     /s/ Rita Moran
        Rita Moran
        Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 742-9866
Attorney No. 06270301

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have caused true and correct copies of the above and foregoing Answer and Notice of Filing to be served upon the person(s) who is a "Filing User" in the above captioned case pursuant to ECF, in accordance with the rules of electronic filing of documents, on this 13th day of March, 2008.


<u>/s/ Rita Moran</u>
Rita  Moran
Assistant Corporation Counsel

31