# EXHIBIT 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| ANDRE WILSON,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF CHICAGO, a municipal corporation, OFFICER JAMES SMITH, STAR #20664, OFFICER DARLENE WUJCIK, STAR #1661, DETECTIVE JOHN L. FOLINO, JR., STAR # 20143, OFFICER MARTIN PHILBIN, STAR # 4211, OFFICER CARL HATTULA, STAR # 20516, OFFICER T.K. FOLINO, STAR #8669, OFFICER J.L. FLORES, STAR #8080, OFFICER F.M. FAGIANO, STAR #45, DETECTIVE TIMOTHY B. MCDERMOTT, STAR #21084, OFFICER J.E. ALVARADO, STAR #12730, OFFICER S.B. FORDE, STAR # 20203, OFFICER S.M. FERGUS, STAR #20809, OFFICER V.H. KUBICA, STAR #21066, OFFICER S.P. DORSEY, STAR #6126, OFFICER VAIL, OFFICER SMITH, and Unknown Chicago Police Officers,<br><br>        Defendants. | 2008L000600<br>CALENDAR/ROOM J<br>TIME 00:00<br>Tort - Intentional<br><br>Case No.<br><br>PLAINTIFF DEMANDS TRIAL<br>BY JURY<br><br>08cv1702   JH<br>JUDGE ZAGEL<br>MAGISTRATE JUDGE ASHMAN |

## COMPLAINT

Plaintiff, ANDRE WILSON, by and through his attorney, LOREN BLUMENFELD, allege as follows for their Complaint against Defendants, City of Chicago, a municipal corporation ("City), James Smith, Darlene Wujcik, John L. Folino, Jr., Martin Philbin, Carl Hattula, T.K. Folino, J.L. Flores, F.M. Fagiano, Timothy B. McDermott, J.E. Alvarado, S.B. Forde, S.M. Fergus, V.H. Kubica, S.P. Dorsey, Officer Vail and Officer Smith, and Unknown Chicago Police Officers.

## ALLEGATIONS

1. Andre Wilson was born on June 21, 1985, and he is a resident of they City of Chicago, County of Cook, State of Illinois, and an African American United States Citizen.

2. City is a municipal corporation, and through its Chicago Police Department, is the employer and principal of all other Defendants. At all times relevant hereto, all Defendants were acting under color of the statutes, ordinances, regulations, customs and usages of the State of Illinois and the City of Chicago, and within the scope of their employment with said institutions. City employed the following Defendants as police officers in its Chicago Police Department at all times relevant to the matters alleged herein: Officer James Smith, Star #20664, Officer Darlene Wujcik, Star #1661, Detective John L. Folino, Jr., Star #20143, Officer Martin Philbin, Star #4211, Officer Carl Hattula, Star #20516, Officer T.K. Folino, Star #8669, Officer J.L. Flores, Star #8080, Officer F.M. Fagiano, Star #45, Detective Timothy B. McDermott, Star #21084, Officer J.E. Alvarado, Star #12730, Officer S. B. Forde, Star #20203, Officer S.M. Fergus, Star #20809, Officer V.H. Kubica, Star #21066, Officer S.P. Dorsey, Star #6126, Officers Vail and Smith (whose first names and initials are not known, and Unknown Chicago Police Officers (collectively, the "Officer Defendants"). The Officer Defendants were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual

capacities. With respect to the alleged murder by gun shot wound of Dorsay Davis on December 5, 2006, and the subsequent arrest, interrogation, imprisonment, and coercion of a false confession from Jones, Officer James Smith was a Reporting Officer, Officer Darlene Wujcik was an Approving Supervisor, Detective John L. Folino, Jr. was the primary Detective assigned and Assisting Arresting Officer, Officer Martin Philbin was the Reporting Officer assigned, Officer Carl Hattula was a Reporting Officer and Approving Supervisor, Officer T.K. Folino was the Attesting Officer and the 1st Arresting Officer, Officer J. L. Flores was the 2nd Arresting Officer, Officer F.M. Fagiano was the Approving Supervisor with respect to the approval of probable cause, and the final approval of charges, Detective Timothy B. McDermott was Detective and Assisting Arresting Officer and gave testimony before the December 2006 Grand Jury of the Circuit Court of Cook County in connection with the indictment of Andre Wilson and Larry Jones, Defendants Officer Vail and Officer Smith were Police Officers who participated in the misconduct alleged below, and Officers J.E. Alvarado, S.B. Forde, S.M. Fergus, V.H. Kubica, and S.P. Dorsey, were assisting arresting officers. At all times pertinent herein, Unknown Defendant Chicago Police Officers employed by the City as police officers also participated in the unlawful conduct herein.

3. On information and belief, Dorsay Davis was killed and Tyisha Hillard was wounded in a robbery related incidenr on the sidewalk in the 300 block of North Pine Avenue, Chicago, Illinois, on December 5, 2006. Andre Wilson

and Larry Jones were in a retail establishment at or about the time of these alleged crimes and certain security video tapes evidence their non-involvement in these alleged crimes.

4. That on December 6, 2006, at approximately 2-3 a.m., Andre Wilson was wrongfully, willfully, and wantonly arrested without probable cause, by approximately four (4) police officers whom arrived at 217 N. Mason, Chicago, Illinois, 60651, the residence where Wilson resides with his family. Andre Wilson was forcibly handcuffed and taken out of his home and transported to Area 5 Chicago Police Station, at Grand and Central, Chicago, Illinois, where Wilson was placed in an interrogation/investigation room and held for more than forty-eight (48) hours.

5. That Chicago Police Officers had no probable cause to believe that Andre Wilson had committed a criminal act, and no arrest warrant had been issued for Wilson or search warrant issued for the search of his residence.

6. During the course of the interrogation, Wilson was denied rights afforded to him by the statutes of the State of Illinois and the United States of America, and the constitutions of the State of Illinois and the United States of America.

7. That the Defendants concocted a false confession and coerced co-defendant Larry Jones to make said false confession, which fabricated his involvement and the involvement of Andre Wilson in the alleged crimes

8. On December 8, 2006, Wilson was charged with the offenses of Murder-First Degree, Class M-Type F, under 720 ILCS 5.0/9-1-A-1; Robbery-Armed with Firearm, Class X-Type F, under 720 ILCS 5.0/18-2-A-2; and Robbery-Armed

with Firearm, Class X-Type F, under 720 ILCS 5.0/18-2-A-2 and taken to Cook County Jail. On information and belief, between December 6 and December 8, 2006, the following Defendants also participated in unlawful conduct as follows: In the arrest of Wilson, Defendant Officer T.K. Folino wrongfully, willfully, and wantonly participated as the 1st Arresting Officer and Attesting Officer, Defendant Officer J.L. Flores wrongfully, willfully, and wantonly participated as the 2nd Attesting Officer, and Defendant Officer F.M. Fagiano wrongfully, willfully, and wantonly participated as the Approving Supervisor with respect to the approval of probable cause and final approval of charges in the knowingly false and untrue substantiation of probable cause and the baseless charges made against Wilson by the Officer Defendants. Wilson's initial court date was more than 48 hours after his warrantless arrest at approximately 2-3 a.m. on the morning of December 6, 2006. The arrest of Wilson and the charges made against him were without probable cause.

9. On or about December 28, 2006, the December 2006 Grand Jury of the Circuit Court of Cook County, Illinois, by reason of the testimony of Defendant Detective Timothy B. McDermott, given knowingly, wrongfully, willfully, wantonly, and maliciously against Wilson, returned a 22 count indictment in *The People of the State of Illinois vs. Andre Wilson, Larry Jones, General No. 06 CR 28446,* in connection with the alleged murder of Dorsay Davis and shooting of Tyisha Hillard and related armed robbery which included the following counts against both Andre Wilson and Jones: Six (6) Counts of First Degree Murder with respect to Dorsay Davis, One (1) Count

of Attempted First Degree Murder with respect to Tyisha Hillard, One (1) Count of Aggravated Battery with respect to Tyisha Hillard, Two (2) Counts of Armed Robbery with respect to Tyisha Hillard, One (1) Count of Attempt Armed Robbery with respect to Dorsay Davis, and One (1) Count of Aggravated Discharge of a Firearm with respect to Tyisha Hillard.

10. On January 18, 2007, on Motion of the Cook County State's Attorney, the Honorable Judge Stanley J. Sacks entered on Order of Nolle Prosequi with regard to all charges against Wilson thereby terminating the criminal action favorably to Wilson in Case No. 06 CR 28446, and Wilson was discharged and released as to said Case. The Cook County State's Attorney abandoned the prosecution of Andre Wilson and Larry Jones for reasons indicative of their innocence, including but not limited to, the existence of security of videotapes which established their non-involvement in the crimes.

11. As a direct and proximate result of the facts and allegations set forth above, Wilson was injured and suffered, and will in the future suffer, injuries of a personal and pecuniary nature including but not limited to damage to his credit and reputation and employment opportunities, he had to bear the loss of his freedom and the indignities of imprisonment, suffered financial damage and severe emotional distress, and he was otherwise damaged and caused to suffer from the facts and allegations set forth above.

## COUNT 1 – WILSON

### 42 U.S.C. Section 1983 – False Arrest and False Imprisonment

1-11. Wilson realleges paragraphs 1 through 11 inclusive of Allegations Common to All Counts as paragraphs 1 through 11, inclusive of Count I.

12. As alleged in the preceding paragraphs, Wilson was improperly seized, arrested and imprisoned without probable cause or any other justification in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States by the conduct of Officer Defendants alleged above.

13. The misconduct alleged in this Count was undertaken pursuant to the policies and practices and customs of the Chicago Police Department described in preceding paragraphs.

14. As a direct and proximate result of the above described wrongful conduct as well as the City's policies and practices and customs, Wilson was caused to suffer great pain, both physical and mental, great monetary loss, deprivation of liberty, loss of ability to work and fully function as a member of his family and community.

WHEREFORE, pursuant to 42 U.S.C. Sections 1983 and 1988, Wilson prays that this Court enter judgment in his favor against Defendants, jointly and severally, for compensatory damages, costs, and attorney's fees along with punitive damages against each of the Defendant Officers in their individual capacities, and grant him such other and further relief as the Court deems just and appropriate.

## COUNT II – WILSON

### Intentional Infliction of Emotional Distress

1-11. Wilson realleges paragraphs 1 through 11, inclusive of Allegations Common to All Counts in Paragraphs 1 through 11 inclusive of Count II.

15. In being arrested and treated in the aforesaid manner by the Officer Defendants, Wilson suffered emotional and physical trauma and injury as he was falsely arrested and falsely imprisoned.

16. The conduct of Defendant Officers towards Wilson in this manner was excessive, undertaken without legal provocation, violative of basic and fundamental police procedure, and was taken for purely personal reasons to cause harm to Wilson, and was grossly offensive and disproportionate to the situation at hand and shocks the conscience.

17. At the time of the incident alleged above and prior thereto, the training and supervision of the Defendant Officers in the arrest, treatment, and safeguarding of persons was grossly inadequate and non-existent, and the aforementioned acts and/or omissions by the Defendant Officers could not have been accomplished without the participation of other employees of the City of Chicago's Police Department which are proximate cause of the pain and suffering Wilson was subjected to and the deprivation of his constitutional rights.

18. The acts and omissions of the Defendant Officers individually and as agents of City and City constitute extreme and outrageous conduct by Defendants,

Case 1:08-cv-00413   Document 48-2   Filed 04/17/2008   Page 11 of 12

Respectfully Submitted,

*/s/ Loren Blumenfeld*
LOREN BLUMENFELD
Attorney for Plaintiff

LOREN BLUMENFELD - #38369
Attorney for Plaintiff
327 S. Plymouth Court
Suite 201
Chicago, IL 60604
312-939-0140

## ILLINOIS SUPREME COURT RULE 222(B) AFFIDAVIT

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned as counsel for Plaintiff, certify that the total of money damages sought in this litigation exceeds $50,000.00.

*/s/ Loren Blumenfeld*
**LOREN BLUMENFELD**