IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY JONES, et. al. | ) | |
|     Plaintiffs, | ) | 08 C 413 |
| | ) | |
| v. | ) | |
| | ) | Judge LINDBERG |
| | ) | |
| CITY OF CHICAGO, et. al., | ) | Magistrate Judge ASHMAN |
|     Defendants. | ) | |

| | | |
|---|---|---|
| ANDRE WILSON, | ) | |
|     Plaintiff, | ) | 08 C 1702 |
| | ) | |
| v. | ) | |
| | ) | Judge LINDBERG |
| | ) | |
| CITY OF CHICAGO, et. al., | ) | Magistrate Judge ASHMAN |
|     Defendants. | ) | |

## MOTION FOR ENTRY OF A PROTECTIVE ORDER

Defendant City of Chicago, by its attorney Mara S. Georges, Corporation Counsel for the City of Chicago, moves this Court pursuant to Fed.R.Civ.P. 26(c), for entry of a protective order. In support thereof, the City states as follows:

1.    Documents pertaining to the parties and non-parties will be sought and produced in these matters, including the production of personnel files and information such as disciplinary histories, Complaint Registers, confidential juvenile records, confidential information regarding third-parties, and medical information covered by the Health Insurance Portability and Accountability Act. Complaint Registers contain personnel record information regarding party and non-party police officers (including but not limited to personnel files and information, disciplinary documents, personal identifiers of officers and their families and financial information), and personal identifiers of non-party civilian witnesses. Complaint Registers may also include medical information protected by federal law.

2.      Personnel files, disciplinary histories and related information are protected by: the the <u>Illinois Personnel Records Review Act</u> 820 ILCS 40/0.01, which protects the disclosure of employee personnel files, disciplinary histories and related information; Section 7 of the <u>Illinois Freedom of Information Act</u>. 5 ILCS 140/1 et. seg., which exempts personnel files and documents appropriately contained in personnel files (<u>i.e.</u>, disciplinary records) from disclosure; and Rule 3.6 of the Illinois Supreme Court Rules of Professional Conduct and Rule 83.53.6 of the Northern District Local Rules[1], which prevent lawyers from making extrajudicial statements the lawyer knows or reasonably should know is likely to be disseminated by public media, and, if so disseminated, would pose a serious and imminent threat to the fairness of an adjudicative proceeding.

3.      The City's proposed Protective Order would govern the discovery stage of this litigation and would prohibit the use of the specifically identified confidential information for any purpose other than the litigation of these cases. The order would further prohibit the dissemination of this specifically identified material and information contained therein to parties outside this litigation, and requires their return or destruction to the producing party at the end of this litigation. Such an order would ensure the protection of such information, consistent with the principles of federal and Illinois law and protect against unfairness in the trial process.

4.      For the foregoing reasons, good cause is established for entry of the proposed protective order.

---

[1] The Committee Comments to the Local Rules acknowledge that it is "difficult to strike a balance between protecting the right to a fair trial and safeguarding the right of free expression." The Committee explains that "[preserving the right to a fair trial necessarily entails some curtailment of the information that may be disseminated about a party prior to trial, particularly where a trial by jury is involved."

5.      The City sent copies of the proposed protective order (attached hereto as Exhibit 1) to Plaintiffs' counsel on May 7, 2008. On May 19, 2008, pursuant to this Court's orders, the parties had a face-to-face conference on May 19, 2008. At that time, the City's proposed protective order was discussed. Counsel for Plaintiff Andre Wilson, stated he had no objection to the entry of the City's proposed protective order. Counsel for Plaintiffs Jones stated they had objections in that some of the City's proposed language in the protective order was unclear. Counsel for the City and Counsel for Plaintiffs Jones were unable to come to an agreement modifying the language of the proposed protective order.

6.      The language contained in the City's proposed protective order mirrors the language found in the protective orders entered in numerous federal civil rights cases brought against the City of Chicago and entry of such an order will facilitate the exchange of discovery in these cases.

**WHEREFORE,** the City requests that this Court enter the attached Protective Order.

**DATED: May 23, 2008**

    MARA S. GEORGES
    Corporation Counsel of the City of Chicago

By:  /s/ Rita Moran

    Assistant Corporation
    Counsel
    Attorney for Defendant City of Chicago

30 N. LaSalle, Ste. 1020
Chicago, IL 60602
(312) 744-4939

## CERTIFICATE OF SERVICE

      I Rita Moran, an attorney, hereby certify that I have caused true and correct copies of the above and foregoing **MOTION FOR ENTRY OF A PROTECTIVE ORDER** to be sent via e-filing delivery (except where noted), this 23rd day of May, 2008, to:

John Gerstner & Mary Anne Spellman Gerstner
Gerstner & Gerstner
53 W. Jackson Blvd., Suite 1538
Chicago, IL 60604

Robert W. Smith (**via 1st class mail**)
320 S. Westmore
Lombard, IL 60148

Christopher Smith, Jared Kosoglad, and James Baranyk
119 N. Peoria St., Suite 3A
Chicago, IL 60607

Chrisopher Wallace
Assistant Corporation Counsel
30 N. LaSalle, Ste. 1400
Chicago, IL 60602

Jonathan Green
Senior Corporation Counsel
30 N. LaSalle, Ste. 1400
Chicago, IL 60602

                                        By:   /s/ Rita Moran
                                                     Rita Moran
                                                     Assistant Corporation Counsel