IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY JONES, et. al., | ) | |
| Plaintiffs, | ) | 08 C 413 |
| | ) | |
| v. | ) | |
| | ) | Judge LINDBERG |
| | ) | |
| CITY OF CHICAGO, et. al., | ) | Magistrate Judge ASHMAN |
| Defendants. | ) | |

| | | |
|---|---|---|
| ANDRE WILSON, | ) | |
| Plaintiff, | ) | 08 C 1702 |
| | ) | |
| v. | ) | |
| | ) | Judge LINDBERG |
| | ) | |
| CITY OF CHICAGO, et. al., | ) | Magistrate Judge ASHMAN |
| Defendants. | ) | |

## QUALIFIED HIPAA AND CONFIDENTIAL MATTER PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure 26(c) and 45 C.F.R. §§ 160 & 164, and for the reasons set forth in the record, the Court hereby finds:

A.  The following words and terms are defined for purposes of this qualified protective order:

   1.  "Parties" shall mean plaintiff, defendant City of Chicago, the individual defendants, and any additional party that this court may subsequently recognize as subject to this qualified protective order, and their attorneys.

   2.  "HIPAA" shall mean Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2002).

   3.  "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2000).

   4.  "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards. "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past,

present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

5. When used in this Order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, produced by a party pursuant to discovery, including but not limited to, documents produced by any party or non-party in this action under case number 08 C 413 or under case number 08 C 1702, which was found to be a related matter by the Honorable Judge George Lindberg on April 21, 2008, whether pursuant to Federal Rule of Civil Procedure 34, subpoena, or by agreement, deposition transcripts and exhibits and/or any portion of any court filings that quote from or summarize any of the foregoing.

6. "Confidential Matter" shall mean employment, disciplinary, financial, medical, or other information that is of a sensitive or non-public nature regarding plaintiff, defendant, non-party witnesses and non-party employees of the City of Chicago that may be subject to discovery in this action under case number 08 C 413 or under case number 08 C 1702 which was found to be a related matter by the Honorable Judge George Lindberg on April 21, 2008. "Confidential matter" for purposes of this Confidential Matter Protective Order, shall include, for "good cause" shown as determined by this Court, the following information:

   (i) All personnel files, disciplinary actions and histories, including all Chicago Police Department Employee Complaint Histories, all City of Chicago Police Department Complaint Register files, and all related information, pursuant to the *Illinois Personnel Records Review Act*, 820 ILCS 40/01 (West 2004) and Section 7 of the *Illinois Freedom of Information Act*, 5 ILCS 140/1, et seq. (West 2004), as such documents contain information of a personal and sensitive nature, including private information of non-parties, and disclosure of which presents a significant risk to the safety, privacy and security of those officers, their families and non-parties;

   (ii) All non-party identifying information contained in City of Chicago Complaint Register Files, including, but not limited to, names, addresses and statements, as such information is of a private and sensitive nature and disclosure of which presents a significant risk to the safety, privacy and security of those non-parties;

   (iii) All personal and family information of Peace Officers, including residential information, as disclosure of such information presents a significant risk to the safety, privacy and security of the officers and their families;

    (iv)    All personal financial information, as disclosure of such information presents a significant risk to the safety, privacy and security of those individuals whose financial information is disclosed;

    (v)    All juvenile records protected by 705 ILCS 405/1-7 (West 2007) and juvenile educational records;

    (vi)    All medical records of the plaintiffs, defendants, and non-party witnesses protected under PHI;

    (vii)    All criminal histories of non-party witnesses protected under 5 U.S.C. § 552(7)(c), and 20 ILCS 2630/7 et. seq.; and,

    (viii)    Any other categories of documents or information as specifically determined by this Court for "good cause" shown.

B. This Order governs all discovery related to the exchange or dissemination of information or the production of documents designated as PHI and/or Confidential Matter.

    1.    The Parties shall be familiar with HIPAA and the Privacy Standards.

    2.    The Parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI and/or Confidential Matter of Parties and non-Parties to or from other Parties and non-Parties.

C. The Parties will abide by the following terms and conditions:

    1.    The Parties will not use or disclose the PHI and/or Confidential Matter released in these proceedings under docket numbers 08 C 413 and 08 C 1702 for any other purpose or in any other proceeding, except that the PHI and/or Confidential Matter released in 08 C 413 shall be permitted to be released in 08 C 1702 and vice versa.

    2.    The Parties will store all PHI and Confidential matter while it is in their possession according to the Privacy Standards. The Parties agree to take reasonable precautions consistent with this Order to prevent the unauthorized or inadvertent disclosure of PHI and Confidential Matter. The attorneys of record are responsible for employing reasonable measures to control duplication of, access to, and distribution of Confidential Matter, including abstracts and summaries thereof.

    3.    All PHI and Confidential Matter produced during the course of these proceedings shall be returned to the producing party within sixty (60) days of the final

termination of this action, and shall be returned before any settlement, judgment or verdict is paid in these matters by the producing party. A producing party denied the return of PHI and Confidential Matter pursuant to this order may petition the Court for the costs and fees of compelling such return.

4. The Parties shall assist each other in the release of PHI by waiving all notice requirements that may otherwise be necessary under HIPAA and the Privacy Standards. The Parties shall release the PHI of the following person:

**LARRY JONES, DOB: 19 JUL 86**
**DAMION JONES, DOB: 25 MAR 92**
**ANDRE WILSON, DOB: 21 JUN 85**

5. The individual pages of each document designated as Confidential Matter shall bear the following designation, or equivalent:

**"CONFIDENTIAL: DOCUMENT PRODUCED PURSUANT**
**TO PROTECTIVE ORDER ENTERED IN**
**08 C 413 and 08 C 1702"**

No document containing the "confidential" stamp or any identifying number shall be copied in whole or in part without the "confidential" designation appearing on the copy.

6. The parties understand that any interested member of the public can challenge the confidential designation of particular documents that have been filed under seal, and such person may file a motion to that effect with the clerk of this court.

7. Only the following individuals will be allowed to view PHI and Confidential Matter: the undersigned attorneys, their co-counsels, legal staff, or expert or consulting expert witnesses retained in connection with the litigation. The undersigned counsels will be responsible for informing each such person that these files are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order. Any PHI and Confidential Matter used at any deposition shall be placed in a segregated transcript designated as "Confidential" pursuant to this protective order.

PHI and Confidential Matter may not be used at the deposition of any non-party witness, with the exception of a retained expert witness, taken in the course of litigation without prior written consent of all counsels of record. In the event all counsels agree to the use of certain PHI and/or Confidential Matter at the deposition of a non-party witness, such documents may be used for purposes of litigating the present case only. The counsel who uses such PHI and/or Confidential Matter with the witness will be responsible for informing each such

        witness that these files are confidential, to be held in confidence, are to be used solely for the purpose of this litigation and further, that these restrictions are imposed by a court order.

8. To the extent that a Party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any PHI and/or Confidential Matter and the face of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide in writing a specific category of information redacted (for example, social security number).

9. By this Protective Order, the discovering Party does not waive its right to make application to the court, with proper notice, under the procedure set out in Paragraph 12 below, to the responding Party and other Parties to the litigation, for a determination that any document designated as Confidential Matter produced by the responding party does not contain sensitive and non-public information, or that in certain circumstances the information should be released from the provisions of this Protective Order. If a dispute does arise concerning the propriety of designating particular documents as confidential, whether certain documents or information should be released from the provisions of this Protective Order, or concerning any other matter relating to the application of this order, counsel shall attempt to resolve the dispute by agreement before asking the court to resolve the dispute pursuant to the applicable Federal Rules of Civil Procedure. The standard relevant to this determination is that of "good cause" under Fed.R.Civ.P. 26(c).

10. Nothing in this Protective Order shall be deemed a waiver of the right of any Party to object to a request for discovery on the basis of relevance, materiality, privilege, over breadth or any other recognized objection to discovery.

11. Nothing in this Protective Order shall be construed to affect the admissibility of any document, material or information at any trial or hearing. Any request for confidentiality, closure or sealing of any hearing or trial must be made to the judge then presiding.

12. No restricted document designated as PHI and/or Confidential Matter is to be filed with the Clerk of the Court, unless leave of court to file the particular document is specifically obtained from the Court by way of a duly filed motion noticed for hearing prior to any due date of the particular filing. Any such restricted documents requiring the court's review shall be submitted simultaneously with the filing of the relevant motion to chambers *in camera* in a sealed envelope bearing the caption of the case, case number, the title of the motion or response to which the submitted confidential information pertains, and the name and telephone number of counsel submitting the documents. The moving party shall file a cover sheet containing only the title of the document(s) designated as PHI and/or

    Confidential Matter with the Clerk's Office for the record. In addition, the moving party shall maintain the original documents intact for any further review.

13.  This Protective Order may be modified by further written stipulation signed by Parties with approval of this Court or by further order of this Court upon application to the Court with notice.

         ENTER: _____
         JUDGE MARTIN C. ASHMAN
         DISTRICT COURT MAGISTRATE JUDGE
         UNITED STATES DISTRICT COURT

DATED: __JUN 1 8 2008__